2    241
71   438

MICHAEL KINEALY, Appellant, v. PATRICK MACKLIN et al., Respondents.

May 16, 1876.

The interest of an execution debtor, in real estate which he has attempted fraudulently to convey, is salable under execution, and, where the deed is found fraudulent and void, the plaintiff in a proceeding to set the same aside and vest title in him, as purchaser at execution sale, is entitled, on proof of these facts, to an absolute decree vesting defendant's title to the premises in him.

APPEAL from St. Louis Circuit Court.

Order of general term, remanding cause to special term, reversed, and the order reversing the action of special term affirmed, and final judgment rendered.

Dryden & Dryden and M. Kenealy, for appellant, cited: Hurck v. Erskine, 50 Mo. 119, 2d par. ; State v. Newkirk, 49 Mo. 472 ; Gale v. Grimes, 9 Ind. 143 ; Carney v. Emmons et al., 9 Wis. 118 ; Beebe v. Bank of New York, 1 Johns. 529 ; Ryland v. Callison, 54 Mo. 514 ; Herrington v. Herrington, 27 Mo. 560 ; Pepper v. Carter, 11 Mo. 540 ; Eddy v. Baldwin, 23 Mo. 588 ; Allen v. Berry, 50 Mo. 90 ;

16

Ames *v.* Gilmore, 59 Mo. 538 (syllabus), 550; Howe *v.* Colby, 19 Wis. 583.

*Davis, Thoroughman & Warren,* for respondents, cited: Hurck *v.* Erskine, 50 Mo. 119; McKey *v.* Underwood, 47 Mo. 187.

BAKEWELL, J., delivered the opinion of the court.

This action is brought by appellant, as purchaser at an execution sale, to set aside a conveyance of the property purchased, made by defendant Patrick Macklin, the execution debtor, to Francis L. Haydell, as trustee for the sole and separate use of defendant Ann Macklin, the wife of defendant Patrick Macklin.

The petitioner alleges that William B. Ferguson obtained judgment against defendant Patrick Macklin on a promissory note of which he was maker; execution was levied on certain real estate owned by Patrick Macklin, part of which was purchased, at the sale under the execution, by plaintiff; that, after suit and before judgment, defendant Patrick conveyed all his property, including that afterwards purchased by plaintiff at sheriff's sale, to defendant Haydell, in trust for defendant Ann Macklin, his wife, and with intent to hinder, delay, and defraud Ferguson and other creditors of defendant Patrick. The petitioner sets out the sheriff's deed, and prays to have the deed of Macklin to Haydell, trustee, declared void, and also prays for possession of the property and for an account.

The answer denies the allegations of the petition, and says that the property in suit was purchased with money the separate estate of defendant Ann, and that Ferguson knew this when the note sued on was given.

The new matter in the answer is denied in the replication.

On the trial, plaintiff introduced evidence tending to prove all the allegations of the bill.

The defendants introduced evidence that Patrick and Ann Macklin were married in 1856; that Ann had then some money, the fruits of her earnings and savings; that she

continued to earn money after her marriage, and received some from her father in Canada; that after her marriage, and in the first year, she bought a lot of ground, in her own name, with her own money, and built a house on it with her money; that in 1859 she sold this property, and bought with part of her proceeds the land in controversy and other adjacent property, but that the deeds were, without her knowledge, made to her husband; that she first discovered this fact in 1862; that in 1859 she was keeping a grocery on Christy avenue, and made money in the business, and proceeded to erect improvements on this property with her own money and earnings; that her husband, except when in the army, lived with her, but was sickly, and earned nothing; that when Macklin signed the note sued on by Ferguson he told Ferguson that he was not responsible, pecuniarily, and that all the property in his name belonged to his wife.

The testimony of Patrick and Ann Macklin was, in many important particulars, contradicted by their own depositions previously taken in the cause. Receipts were introduced for rent of portions of the property, given by Patrick Macklin, in his own name; there was evidence that he kept the store for many years himself, his wife helping him; that he leased it, and sold the stock to one Meise; that Mrs. Macklin never made claim to the store or the rents; that Macklin, on two different occasions, swore that he himself owned the property—once in a suit in the Circuit Court, in which he was plaintiff, wherein he swore, in the presence and hearing of his wife, that he owned the property in question, and the grocery and the stock in it; that his wife heard this testimony, and was very desirous to corroborate it, but was objected to as incompetent; and that again, in a suit before Justice Powers, he swore to the same facts.

The record is extremely voluminous. The testimony of Macklin and wife, to the case set up in their answer, was contradicted, and the evidence is conflicting. The cause being

submitted, the court found all the issues for the plaintiff; and, having looked through this mass of testimony, we see no reason to disturb this finding.

The court made the following interlocutory decree : "·Now, at this day, come the parties, by their respective attorneys, and, no jury being required, the cause is submitted to the court upon the pleadings and proof adduced ; and the court, having heard and considered the same, and being fully advised in the premises, finds the issues herein for the plaintiff. It is therefore ordered that an interlocutory decree be entered herein for plaintiff ; and the court decrees that the deed of Patrick Macklin and Ann Macklin, his wife, to Francis L. Haydell, in trust for the use and benefit of said Ann Macklin, dated May 13, 1873, recorded in the recorder's office of the county of St. Louis, in the State of Missouri, on pages 121, 122, of book 475, described in plaintiff's amended petition, be set aside, annulled, and for naught held as against plaintiff, and that plaintiff ought to be put in possession of the said premises and property described in his petition, unless defendants, on or before the 10th day of May next, shall pay into court, for the use and benefit of plaintiff, the amount of the judgment recovered by the said William R. Ferguson against said Patrick Macklin, described and recited in said amended petition, with all costs therein, and also the costs and expenses of all proceedings in this court, or of the sheriff aforesaid, on execution issued on said judgment, including said sale by said sheriff to plaintiff, and all the costs of this suit ; and the court doth order, adjudge, and decree that, if defendants pay into this court, on or before the 10th day of May next, the said amount of said judgment, together with the costs and expenses aforesaid, then plaintiff's petition aforesaid shall be dismissed, and defendants shall go hence without day ; but if defendants shall fail, neglect, or refuse to pay the said amount, together with said costs and expenses, into the court, for the use of plaintiff, on or before the 10th day

of May next, then a final decree shall be entered and made herein for the plaintiff, and the said deed of Patrick Macklin and Ann Macklin, his wife, to said Francis L. Haydell, trustee, for the use and benefit of said Ann Macklin, shall be deemed and adjudged to be set aside, annulled, and for naught held, and plaintiff shall be declared, adjudged, and decreed to be owner of the premises and property hereinbefore mentioned, as described in said petition, and that plaintiff be thereupon forthwith put in possession of said premises and property, and have execution for his costs."

Defendants paid into court the money called for by this interlocutory decree, which money plaintiff refused to accept, whereupon the court entered a final decree dismissing the plaintiff's bill. Motions for a rehearing and new trial were filed both by plaintiff and defendant, which were overruled, and exceptions were duly saved; and both parties appealed to general term, where the decree of the Circuit Court at special term was reversed, and the cause remanded for further proceedings. Plaintiff then filed a motion for a rehearing, which being overruled, and all exceptions being saved, plaintiff prayed an appeal, and tendered a bond, which being approved, the appeal was allowed.

1. There can be no question that the court, having found the issue for plaintiff, should have decreed the deed from Macklin to Haydell null and void. It is settled law, in this State, that the interest of an execution debtor who has made a fraudulent conveyance of land is salable under execution. The court had no legal right, having found the issues in favor of plaintiff, to compel the plaintiff, by its decree, to a compromise of his legal right. If the deed to Haydell was in fraud of creditors, and void, and plaintiff purchased at execution sale, it follows that the title which Macklin had at the time of that conveyance has been acquired by plaintiff, and a decree should have been entered vesting in

plaintiff the title acquired by Haydell by virtue of the deed attacked, and for possession of the land, and costs.

2. We further think that the Circuit Court at general term should have rendered a final decree on the merits. There seems to be no good reason why defendant, having had every opportunity for preparation, and having, apparently, availed himself of every means of defense in his power—there having been no error in any proceeding herein, up to the conclusion of the trial—should not be now forever precluded. The proofs were all before the Circuit Court at general term; they are before us now, and there should now be an end of litigation in this matter. The cause is manifestly ripe for final decision, and no reason appears why it should be remanded. We shall, therefore, enter here the decree which should have been entered in the Circuit Court when the issues were found for plaintiff.

The order of the general term of the Circuit Court, remanding the cause to special term, is reversed; the judgment of the Circuit Court, reversing the decree of the Circuit Court at special term, is affirmed, and a decree is entered here, vesting in plaintiff the title acquired by Haydell in the property described in plaintiff's petition, as purchased by him at sheriff's sale, and for possession of the premises described in the sheriff's deed to plaintiff. The other judges concur.

On motion for a rehearing, BAKEWELL, J., delivered the opinion of the court.

This is a motion for a rehearing. We have carefully considered the arguments of counsel, filed in support of the motion.

It is urged that, though general term might have entered the decree which should have been entered by special term, in this cause, and did not do so, we, on appeal from the order of general term remanding the cause for a new trial, have no power to enter such a decree as was the neces-

sary legal and logical consequence of the finding of the Circuit Court at special term, which found the issues for plaintiff, and committed error in the decree which it entered upon the finding. We consider that it was our clear duty not to reverse and remand the cause, no error having been committed up to the entry of the decree, and that, all the facts being before us, we had the power to enter here such a decree as manifestly ought to have been entered by the court which tried the cause. The decree of the Circuit Court at special term was one by which plaintiff was aggrieved, and he appealed from it, as he lawfully might. He was also aggrieved by the order of general term, and from that order an appeal lay on certain conditions, with which plaintiff fully complied. To say that he was not aggrieved by the order of general term, because that order involved the reversal of a decree of special term by which he was also aggrieved, is a mere play upon words, and to say that we cannot, in this case, enter a final decree here, because general term did not see fit to do so, is to take a view of the powers and duties of this court in which we cannot acquiesce.

The argument on the merits of the case presents no suggestion which has not been fully considered. We see no reason for granting a rehearing in this cause, and the application is therefore denied. All the judges concur.