STATE OF MISSOURI, EX REL. M. KINEALY, *v.* WILBUR F. BOYLE, JUDGE, ETC.

### Maly 4, 1878.

In an equity proceeding in the Circuit Court, that court at Special Term made a decree finding all the facts in favor of plaintiff (relator here), but denying him the relief to which he was manifestly entitled on the facts as found and recited in the decree. Plaintiff appealed to the General Term, which reversed the decree and remanded the cause. Plaintiff then appealed to the Court of Appeals, which reversed the order of General Term remanding the cause, and entered such a decree as plaintiff ought to have had in the Circuit Court on the facts found. Defendant appealed to the Supreme Court, which held that although General Term might better have entered a decree in accordance with the facts found, it committed no error in refusing to do so, and that the Court of Appeals erred in reversing the order remanding the cause and in rendering the decree which the Circuit Court should have rendered at the Special Term; and the Supreme Court reversed the judgment of the Court of Appeals and remanded the cause to the Circuit Court. Plaintiff then moved in the Circuit Court for a final decree, on the ground that the facts were found by the interlocutory decree; and on the refusal of the Circuit Court to enter final decree, plaintiff applied for a *mandamus*. *Held*, that on this state of facts the judgment of the Circuit Court reversing and remanding the cause stands; that the Court of Appeals cannot interpolate any provisions into that order; and that the application for a *mandamus* must be denied.

APPLICATION for *mandamus*.

*Motion to quash writ sustained.*

M. KINEALY, for relator.

THOROUGHMAN & WARREN, for respondent.

Hayden, J., delivered the opinion of the court.

This is a petition for *mandamus* against one of the judges of the St. Louis Circuit Court, and a question of law arises on motion to quash the petition or application for an alternative writ. The facts as stated in the case of *Kinealy* v. *Macklin*, 2 Mo. App. 241, out of which the application grows, need not be here recited. From the final decree rendered in this court in that case the defendants in that case appealed to the Supreme Court. The judgment of this court was there reversed and the cause remanded to the St. Louis Circuit Court. After this reversal and the filing of the mandate in the Circuit Court the relator moved that court to render a final decree in the cause, on the ground that the facts had been found by the interlocutory decree (see 2 Mo. App. 244), and that under the decision of the Supreme Court it was necessary for the Circuit Court only to render a decree upon the facts as found. The court below refused to render a final decree, and the relator makes this application with a view that such decree may be entered, and that he may not be put to the trouble, expense, and delay of a new trial.

The relator relies upon the opinion of the Supreme Court filed in the case of *Kinealy* v. *Macklin*. The Supreme Court in that opinion appears to hold that Kinealy could not properly appeal from the judgment of the General Term of the Circuit Court, because he was not aggrieved by the judgment by which the case was reversed and remanded. The following language is used in that opinion : "Now it is plain enough that if on the first appeal General Term had entered such a judgment as the court below ought to have entered for plaintiff, or had appropriately modified the judgment, that plaintiff would in no sense have been ' *aggrieved*,' and consequently under the terms of the statute would have possessed no right of appeal. But it must be remembered that General Term, by the express statutory language quoted, has precisely the

same discretionary power to reverse and remand as it has to dispose of a cause in the other modes above mentioned. A party cannot be said to be ' *aggrieved* ' unless error has been committed against him. The complaint of the plaintiff, when closely scrutinized, is not that the General Term *erred*, but that it would *not* have erred had it gone further and entered a suitable decree. .No doubt the latter course would have been the more appropriate one ; but under the discretion conferred by the statute it was entirely optional with the General Term what course of those named it should pursue, as much so as though this court were engaged in the exercise of similar functions. Besides, the effect of the judgment of General Term was practically as beneficial in its results to plaintiff as though a judgment of reversal and remanding had occurred accompanied by directions to enter the proper judgment, because the judgment of necessity informed the court at Special Term that it had erred in requiring the plaintiff to accept the money instead of the land, and in dismissing his petition for failure to accept the unwarrantable alternative." These are the words as they appear in the certified copy of the opinion filed by the relator, and the italics and quotation marks are those of the learned judge who delivered the opinion of the Supreme Court.

From these words, as also from the concluding part of its opinion, in which the Supreme Court cites authorities to show that a party cannot appeal from a judgment in his own favor, it appears that the court held that Kinealy was not aggrieved by the decision of the General Term. As the General Term merely reversed and remanded the cause ; as they gave no directions similar to those which are often given where mandates with opinions are sent from appellate courts to lower courts, the case had necessarily to go back for a new trial. Before the General Term the whole case was open. Whether as the result of their investigations they found facts contrary to the finding of the Special Term is

not known. If they were satisfied that the facts had been correctly found, it is to be presumed that they would not have so neglected their duty as to deprive the plaintiff in that case of his rights, and have subjected him to the expense and delay of a new trial, with the added chance of losing his case from loss of witnesses. However this may be, the decree was merely one reversing in all things the judgment of the lower court and remanding the case. In the view of this court, which we have seen no reason to change, but have rather been confirmed in by what has now occurred, the plaintiff in that case had a right to appeal from the judgment of the General Term. The decree of the Special Term found the facts for him, and its error of law was apparent on its face. That related to a mere legal conclusion, and needed only to be pointed out to the judicial mind to be corrected. But a reversal and remanding of the case without more being said certainly implies a new trial, and, in case of a final judgment then rendered, a right of appeal thereafter. As the Supreme Court has now decided that no appeal could be lawfully taken by the plaintiff in that case from the decision of the General Term, things are in the condition in which they would have been had no appeal been taken. The effect of the decision of the Supreme Court has been to do away with the final decree of this court; but the decision of the Supreme Court tends only to confirm, not to reverse or in any way modify, the decision of the General Term. The question then recurs, What is the effect of the decision of the General Term? To this question there can be only one answer. As shown by the judgment of the General Term, as quoted in the relator's petition, it is merely a reversal and remanding of the case.

Again, it is not easy to see how the relator, basing his case as he does on the decision of the Supreme Court, can ask this court to interfere by *mandamus* with the court below, which merely proposes to carry out the decision of the General Term thus confirmed by the Supreme Court. By

the judgment of the General Term, as interpreted by the Supreme Court, the relator was the successful party. So far from being the unsuccessful party litigant, the relator was not even aggrieved by that decision. It is true that a certain legal effect necessarily followed from the facts found, and that upon the supposition that the facts were correct the relator was plainly entitled to a decree. It is true that the relator never received the benefit of what was clearly the law resulting from the facts as found; that he may now never receive the benefits of the facts which it is said he has proved, owing to the possibility of his being unable to make out his case after this lapse of years; and that in any event he is subjected to the expense, delay, and trouble of a useless trial, and perhaps subjected to another appeal. Our views of the law, and of the propriety of rendering a final decree under the circumstances, are expressed in *Kinealy* v. *Macklin*, 2 Mo. App. 246, 247. Under the result of the litigation, however, as it now stands, this court had no power to compel the Circuit Court to enter a final decree on a judgment which reverses and remands' the case, and proceeds upon what grounds we know not. We cannot interpolate provisions into a mere judgment of reversal and remanding, and so put the present case in the same category with those where an appellate court has by its own decision either given directions or at least indicated the grounds of its conclusions. *Relfe* v. *Commercial Ins. Co.*, 5 Mo. App. 580, on motion to modify judgment; *Lackland* v. *Smith*, 5 Mo. App. 579, on motion to modify judgment; *Hurck* v. *Erskine*, 50 Mo. 119.

The motion to quash will be sustained. All the judges concur.