WALKER v. MADDOX–RUCKER BANKING COMPANY et al.

*Gober, J.*—1. It appearing from the record that upon a proceeding instituted in the court of ordinary by certain creditors of an estate, a judgment was rendered removing the plaintiff in error from his office as executor of that estate, from which judgment he entered an appeal to the superior court, which was still pending at the time of the hearing of a petition for an injunction to restrain the executor from selling valuable lands belonging to the estate; and it also appearing that various and important questions, both of law and fact, are involved in the appeal case, there was no abuse of discretion in granting an interlocutory injunction, the effect of which was to preserve the existing status of the estate until after the rendition of a final judgment in the appeal case, whereby the questions above referred to will be conclusively adjudicated as between all the parties at interest.

2. The entering of the appeal and the giving of a bond for that purpose, while operating as a *supersedeas* and thus suspending the judgment of removal, did not vacate that judgment so as to authorize the executor to proceed, without restriction, with the further administration of the estate.

3. Under the present writ of error, whether or not the ordinary has the power at all, under the provisions of section 2511 of the code, construed in connection with paragraph 2 of section 331 and section 2448, to remove an executor, or whether the proceeding to remove this executor should have been instituted under section 2447 alone, are collateral questions only and not now for decision.        *Judgment affirmed.*

December 2, 1895. Justice Lumpkin being disqualified, Judge Gober, of the Blue Ridge circuit, was designated to preside.

Injunction. Before Judge Clark. Fulton county. September 17, 1895.

The Maddox-Rucker Banking Company and Mrs. Kolheim, as creditors of J. G. Reynolds deceased, brought a petition to the court of ordinary, for the removal of J. G. Walker as executor of the estate of Reynolds, on the alleged grounds, among others, of lack of business judgment, an unbalanced mind on all subjects pertaining to the estate, and mismanagement of the same in many particulars. While this petition was pending, petitioners brought to the judge of the superior court their petition for injunction

against Walker, reciting the pendency of the petition to remove him, and alleging that they were in danger of losing their claims or some part thereof, if he was continued as executor, as he was under no bond and was in every way an unsuitable and unsafe person to handle the estate; that the bulk of the same consisted of valuable lands which, if properly sold, would realize a large sum of money; that he was not competent to sell the same, on account of the facts alleged in the petition to the ordinary, and had given no bond to secure the proceeds of sale; that after said petition was filed, he proceeded to advertise for sale a considerable portion of the realty, and unless restrained, the sale would take place and there would be no security for the proceeds. The prayer was, that he be restrained from selling or disposing of any of the property until the petition for his removal was passed on and determined, that a rule *nisi* issue, calling on him to show cause on a day named, why said injunction should not issue; and that in the meantime and until the hearing he be restrained from selling or disposing or in any way interfering with any of the property of the estate.    Upon this petition the judge ordered, that Walker "show cause, as soon as counsel can be heard after the ordinary has made his judgment, on three days notice by either party, why the order asked for should not be granted"; and that "in the meantime and until the hearing, the defendant is restrained in all respects as prayed for in this petition."    Afterwards the petition for removal came on for hearing before the ordinary, and resulted in an order removing Walker as executor, who took an appeal to the superior court, giving an appeal bond in the sum of $25,000.    He then filed an answer to the petition for injunction, and moved that the restraining order be dissolved.    On this motion the judge ordered, that plaintiffs show cause on a certain day why the restraining order should not be dissolved.    At the hearing of the motion, Walker introduced his own affidavit; a written agreement

between himself as executor, the widow of Reynolds, and creditors of the estate, including the plaintiffs, as to settlement of the widow's claims, etc.; and the appeal bond and other appeal papers from the court of ordinary to the superior court. Thereupon the judge overruled the motion to dissolve the restraining order, and held that the same should be continued until final judgment on the appeal. To this order Walker excepted.

*Dorsey, Brewster & Howell, J. G. Walker* and *Sanders McDaniel,* for plaintiff in error. *Clay & Blair, Arnold & Arnold* and *King & Anderson,* contra.