THE STATE ex rel. ISABELL ALLEN et al. v. JOSEPH A. GUTHRIE, Judge of the Circuit Court of Jackson County.

**In Banc, July 2, 1912.**

1. **PROHIBITION: Denial of Cognizance of Cases: Demurrer.** A demurrer to the return in which the respondent judge denies that he holds any cognizance of the cause and that either he or the circuit court over which he presides contemplates any action of the kind set forth in relator's petition, is an admission that the allegation of the return is true, and the peremptory writ of prohibition should be denied.

2. ————: **Pleading: Exhibits.** If relator rely upon certain record matters of procedure in the circuit court to sustain his application for a writ of prohibition, those matters should be made a part of his petition or be attached thereto as exhibits.

3. ————: **Orders After Appeal: To Preserve Fruits of Litigation: Rents, etc.: Receiver.** Matters affecting the property in litigation arising after judgment and an appeal, and necessary to preserve the fruits of the judgment pending the appeal, are not beyond the jurisdiction of the trial court. The court may appoint a receiver to take charge of the property pending an appeal from its judgment setting aside a deed, where the matters as to the collection of the rents and the refusal to pay interest on an existing incumbrance and the payment of taxes, were not adjudicated, and are not covered by the appeal bond.

Prohibition.

WRIT DENIED.

*J. D. Shewalter* for relators.

(1)   Relators are entitled to a peremptory writ on the return.   The writ commands respondent to show by what authority he is proceeding; this he wholly fails to do.   He admits he has taken some action, or is about to do so, but does not show by what authority.  ·· If the Practice Act applies, he has not first denied the allegations of the information; and then, as new matter, showed his action.   If the Practice Act does not apply (State ex rel. v. Eby, 170 Mo. l. c. 527), then he has not made any return whatever. But, admitting, as he does, that he has or is about to take some action, he is required to show his authority for doing so.   He is required to make full return, so that relators can take issue, demur, or ask for a final writ.   (2)   Prohibition will lie where a court acts either without jurisdiction or exceeds its jurisdiction. State ex rel. v. Withrow, 108 Mo. 1; State ex rel. v. Sale, 188 Mo. 496.   The right to the writ depends on the jurisdiction or excess of jurisdiction by the lower court, and not on the mere form or the title of the action in which the court exceeds its jurisdiction, as is seriously urged by respondent.   The case of Ditsch, by Guardian, v. Allen, was tried, a final judgment rendered, an appeal allowed, and an appeal bond given and approved.   This must be taken as admitted by the unsatisfactory return; and it is fully shown by the petition of Mollie C. James, sworn to by her, on which the respondent was about to act, and which is filed as an exhibit with the information.   This acted as a *supersedeas*.   But, even if it did not, respondent had no power to take any action respecting the property, because of alleged defects in the original ap-

peal.   The appeal transferred not only jurisdiction
of the case, but of the subject-matter from the lower
court; and it passed to this court.   Burgess v. O'Don-
oghue, 90 Mo. 299.

*Boyle & Howell, Glen L. Bruner,* and *R. H. Field*
for respondent.

(1)   The presumption is that the respondent
was acting rightly and within his authority and
the burden is on the relators to show just what the
respondent was doing and attempting to do and how
he was doing it and attempting to do it.   Sec. 2625,
R. S. 1909; Mitchell v. Roland, 95 Ia. 314.   (2) On
the application for a writ the action of the circuit
court cannot be overturned by evidence *dehors* the
record.   State ex rel. v. Johnson, 132 Mo. 105.   All
the allegations in relators petition are allegations *de-
hors* the record and are unsupported by any record
or other evidence of their truth as required by said
Sec. 2625.   (3)   The respondent based his action on
Sec. 2018, R. S. 1909, which reads: "The court, or
any judge thereof in vacation, shall have power to ap-
point a receiver, whenever such appointment shall be
deemed necessary, whose duty it shall be to keep and
preserve any money or other thing deposited in court,
or that may be subject of a tender, and to keep and
preserve all property and protect any business or bus-
iness interest intrusted to him pending any legal or
equitable proceeding concerning the same, subject to
the order of the court."   (4)   That it would have
been right for the respondent to have appointed a
receiver of the rents and profit of the property is il-
lustrated by the following authorities:   Mitchell v.
Roland, 95 Iowa, 314; Sec. 2018, R. S. 1909; Stark v.
Grimes, 88 Mo. App. 409; Wilson v. Hays, 139 Mo.
App. 513; Adkins v. Edwards, 83 Va. 316; Moran v.
Johnston, 26 Gratt. (Va.) 108; Ulman v. Clark, 75

Fed. 868; State v. Court, 22 Mont. 241.  (5) The appeal bond would not cover the rents and profits in the case even if it had been solvent and this court in its final judgment could not have protected Mollie C. James in regard to said rents and profits.  Hence she has no adequate remedy except under the power of the court conferred by Sec. 2018.  Berges v. Doble, 149 Mass. 256; Loan Assn. v. Kirklin, 110 Ga. 572; Anselm v. Groby, 62 Mo. App. 421; Pitt v. Swearingen, 76 Ill. 250.  (6) The nature of the judgment appealed from regulates the liability of the surety. Miss. Va. Co. v. Somerville, 85 Mo. App. 265; Berges v. Doble, 149 Mass. 256.  The decree appealed from does not cover liability for future rents and this is an especial reason why there was a demand for this receiver.  (7) The liability of bondsmen on an appeal bond is determined by the strict letter of the bond.  Bower v. Cabanne, 105 Mo. 110; Utterman v. Elmore, 154 Mo. App. 646; Allen v. Allen, 80 Ala. 154.

KENNISH, J.—This is an original proceeding by prohibition.  Isabell Allen and Edward Allen are the relators, and Joseph A. Guthrie, judge of the circuit court of Jackson county, is the respondent.  The purpose of the suit is to have this court prohibit the respondent, as judge of the said court, from taking further cognizance and exercising jurisdiction in a certain cause referred to and described in the petition.  Upon presentation of the petition a preliminary rule was granted.  The respondent in due time made return thereto, whereupon relators filed a reply, and upon the issues thus made the cause was argued and submitted for judgment.

Much confusion and uncertainty exist as to the issues made by the pleadings.  This condition of the record is due to the failure of the relators to state fully and clearly in their petition the facts relied upon,

and also because of their failure to observe the uniform practice of filing, as an exhibit and as a part of their petition, the pleadings in the cause sought to be prohibited.

The facts stated in the petition for prohibition, briefly, are that in a certain suit theretofore pending in the circuit court of Jackson county, in which Oscar W. Ditsch, by guardian, was plaintiff, and relators and Mollie C. James were defendants, the court, in accordance with the prayer of the petition, annulled and set aside a deed to real estate described therein, executed and delivered by the plaintiff Ditsch to the defendant Isabell Allen, and also annulled and set aside a deed to real estate described therein, executed and delivered by the plaintiff Ditsch to the defendant Isabell Allen, and also annulled and set aside a certain deed executed and delivered by the defendant Mollie C. James to the said Isabell Allen, conveying certain residence property located in Kansas City. In the decree entered the court adjudged, among other things, that the defendant Mollie C. James was entitled to the residence property theretofore conveyed to Isabell Allen, and to the possession thereof, and also rendered a personal judgment against the said Isabell Allen and Edward Allen, in favor of the said Mollie C. James, for the sum of $3500, the same to be a lien, until paid on a certain manufacturing business belonging to the said Allens in said city. The defendants (relators herein) and the defendant Mollie C. James appealed from the said judgment to the Kansas City Court of Appeals. That court transferred the cause to this court, upon a question of appellate jurisdiction, and it is now pending and undisposed of in this court. It is further alleged in the petition for prohibition that a *supersedeas* bond was given by appellants Isabell Allen and Edward Allen in said cause, in the sum of $7000 and that afterwards the said Mollie C. James appeared in the said circuit court "and

asked the court to appoint a receiver to take charge of said real estate during the pendency of the suit." That the appointment of a receiver was asked upon the sole ground that the security upon the said bond was insufficient and that the appeal was taken to the Court of Appeals instead of to this court. That after considering the application the respondent decided to appoint a receiver as prayed, and that respondent, as said circuit judge, is without jurisdiction to make such appointment. The prayer of the petition is that a writ of prohibition be issued "directing the said judge to show cause why he should not be prohibited from exercising jurisdiction in the cause now pending in this court," etc.

Upon the petition thus filed a preliminary rule was granted by this court and served upon respondent, together with a copy of the petition. The rule, omitting formal parts, was as follows:

THE STATE OF MISSOURI, to Joseph A. Guthrie, as Judge of the Circuit Court of Jackson County, Missouri, greeting:

Whereas, on the 17th day of January, 1912, it was represented to the Supreme Court of Missouri, in a certain application for a writ of prohibition (a copy of which petition is hereto attached) that you, the said Joseph A. Guthrie, as Judge of the Circuit Court of Jackson County, Missouri, hold cognizance in a certain cause pending before you wherein Oscar Ditsch is plaintiff and Isabell Allen et al. are defendants; and we, being willing to maintain the rights of the State and the laws and customs thereof;

"Now, therefore, you, the said Joseph A. Guthrie, as Judge of the Circuit Court of Jackson County, Missouri, are hereby commanded to be and appear before the Supreme Court of the State of Missouri, In Banc, on the first day of March, 1912, and show cause, if any you have, why a writ of prohibition should not issue as prayed in the petition herein, prohibiting you from further assuming and exercising jurisdiction in the cause aforesaid, and that in the meantime you take no further action in the said cause until the further order of this court.

In his return respondent alleges that he "does not hold any cognizance whatsoever in the cause wherein Oscar Ditsch is plaintiff and Isabell Allen et al. are defendants, being the cause described in the preliminary rule," and further that "in said cause neither he as judge, nor the circuit court of Jackson

county, Missouri, contemplates the appointment of a receiver of the real estate described in the relators' petition, nor has there been any application made in said cause by said Mollie C. James or anyone else, for the appointment of any receiver of the real estate described in the relators' petition.''

The reply consists of a paragraph in the nature of a demurrer to the return and a prayer that the peremptory writ be issued; also three additional paragraphs which are merely a restatement, in different language, of the matters alleged in the petition.

The statute applicable in such cases (Sec. 2626, R. S. 1909) authorizes the defendant to demur to the petition for prohibition or ''make return to the preliminary order.'' In this case the respondent made return to the preliminary order, which return, so far as material, denied that he had exercised or contemplated exercising jurisdiction in the cause described in the preliminary rule. This return is responsive to the rule of this court and presented an issue of fact. There was no affirmative defense alleged in the return requiring a denial or the allegation of new matter in the reply. Consequently we shall treat the case as being at issue upon the first paragraph of the reply, which is as follows:

''Now come the relators, and for their answer or reply to the return of the respondent, state: First, that the respondent has not complied with the rule of this court, in that he has made no proper return, showing any legal justification for his acts in the premises; nor has he complied with the rule served upon him, whereby relators are entitled to a peremptory writ.''

It is apparent that the cause in which it was represented to this court that the respondent held cognizance and in which the preliminary rule commanded the respondent to appear in this court and show cause why a writ of prohibition should not be issued, prohibiting him from assuming and exercising jurisdiction

therein, and in the meantime commanding him to take no further action, was the cause, as stated in the preliminary rule, "wherein Oscar Ditsch is plaintiff and Isabell Allen et al. are defendants." The return is directly responsive to the petition and to the rule of this court, and as the facts stated therein stand admitted by the demurrer, at least as to the cause in which jurisdiction is sought to be prohibited, we think it is a sufficient showing by the respondent that the preliminary rule was improvidently granted and that the peremptory writ of prohibition should be denied.

In relators' statement and brief a number of what are termed "exhibits" are set forth. Except numbers 1, 2 and 3, being respectively the petition, return, and reply, they were not filed with the pleadings and do not constitute any part of the record in this court. If relators were relying upon such matters as constitutive of their cause of action, they should have been made a part of their petition or have been attached thereto as exhibits. Notwithstanding the fact that these exhibits are not properly in the case, we have examined them and are satisfied that even if they had been made a part of the record the result must have been the same. It appears from these exhibits and the briefs on file that the suit in which the respondent was in fact asked to appoint a receiver was the case of Mollie C. James v. Isabell Allen and Edward Allen, relators herein. It also appears that relators had taken an appeal from the judgment in which the court had held the said Mollie C. James entitled to the residence property theretofore conveyed by her to relators, and that relators, having given an appeal bond, remained in possession of the property. It also appeared in the petition of the said Mollie C. James for the appointment of a receiver, that relators had placed an incumbrance on the said property, which the court had held to be a valid lien, and further that relators, although collecting and ap-

propriating the rents, refused to pay the interest on said incumbrance or the taxes levied against the property. These matters as to the collection of rents and the refusal to pay interest and taxes were not adjudicated in the case of Ditsch v. Allen et al. They arose after the appeal was taken in that case and are not covered by the appeal bond. Mrs. James was entitled to her property when the litigation was ended, unless the judgment should be reversed, and that part of the judgment was not covered by the appeal bond given by the Allens in double the amount of the personal judgment rendered against them in favor of Mrs. James. The *supersedeas* bond would not prevent a foreclosure and sale of the property for default in the payment of the interest on the incumbrance, nor a sale for delinquent taxes, and Mrs. James was not required to stand by helplessly looking on while relators collected the rents but refused to pay the charges on the property and to take such care thereof as was necessary to preserve the *status in quo*. Matters affecting the property in litigation, arising after the judgment and necessary to preserve the fruits thereof pending an appeal, are not beyond the jurisdiction of the lower court.

Under the facts of this case, as disclosed by the pleadings, exhibits and briefs, we think the court was possessed of jurisdiction to appoint a receiver for the protection and preservation of the property pending the appeal. [Sec. 2018, R. S. 1909; 2 Cyc. 978, and cases cited; Mitchell v. Roland, 95 Iowa, 314; Alderson on Receivers, Sec. 93; High on Receivers, Sec. 110.]

The law upon this subject is well stated in 2 Cyc., supra, as follows:

"An appeal does not always deprive the lower court of all jurisdiction so as to prevent absolutely any action, even though such action be not in execution of the judgment apealed from; but, on the con-

trary, the case is often regarded as pending in the court of original jurisdiction for the purposes of other proceedings than such as pertain to the subject-matter of the judgment itself, or to the appeal and the proper hearing thereof, and incidental matters necessary for the preservation of the fruits of the ultimate judgment or the *status in quo* of the parties are not placed beyond the interference of the lower court. For the latter purposes the court may make an order providing for renting or leasing of property, or order investment of funds resulting from the sale of property under an order made pending litigation. But it cannot proceed in such a manner as to execute its judgment or place the funds beyond the control of the ultimate result of the litigation.

"Upon such a step becoming necessary for the preservation and conservation of property pending the appeal, a receiver may be appointed, upon proper application being made to the court below. This authority is also exercised under statutory provisions."

The peremptory writ should be denied. It is so ordered. All concur.