## CARRIE L. WHITWORTH, Appellant, v. ANNIE E. BARNES et al., Respondents.

### Kansas City Court of Appeals, February 3, 1913.

1. **DOWER: Timber Land: Waste: Restraint.** A widow with a dower interest in lands the value of which consists principally in growing timber, may maintain a bill to restrain one in possession from wilfully committing waste by destroying the timber.

2. **WIDOW: Ejectment: Appeal: Injunction.** A person claiming to own land, brought an action of ejectment against persons claiming title in fee simple. Judgment was rendered in favor of the latter and the former appealed to the Supreme Court, and during the pendency of the appeal in that court he died leaving a widow with a right of dower if he was successful in his appeal. The land was chiefly valuable for its growing timber, and the parties in possession began to commit wilful waste by cutting and selling all of it. It was *held* that the widow could maintain a bill to restrain the waste until the case was finally decided.

3. ———: ———: ———: ———: **Injunction.** Where timber growing on land is its chief value, an injunction may be had to restrain its destruction during the pendency of an appeal in another action involving the title, wherein the party in possession obtained a judgment.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,* Judge.

REVERSED AND REMANDED.

*Sebastian & Sebastian* for appellant.

*Harris & Finley* for respondents.

ELLISON, J.—This action is in equity to restrain waste of timber growing upon lands in which plaintiff is alleged to have an interest. A demurrer to the petition was filed, on the ground that no cause of action or for relief was stated. The demurrer was sustained and plaintiff appealed.

The petition alleges that plaintiff is the widow of William Whitworth, who died intestate in April, 1912, leaving plaintiff and three children. That in his lifetime and at his death he was seized in fee of certain described land, in which plaintiff had a dower life estate. That several years prior to his death this defendant, who is one of the children, and her husband, took possession of the land under a lease from Whitworth and that after the lease expired they refused to surrender possession and Whitworth brought an action of ejectment for the land. To this action defendants set up a claim of title by gift from Whitworth, and this claim was sustained by a judgment for them in the circuit court. That Whitworth thereupon appealed the case to the Supreme Court, where it is yet pending undecided, and then died. That defendants remained in possession and are wilfully and wantonly cutting the timber therefrom, which is its principal value, and selling it, and declare they will cut it all and dispose of it, thereby stripping the land and rendering it practically valueless and practically destroying the value of plaintiff's dower interest before a decision can be had by the Supreme Court; that defendants are insolvent.

We have no briefs from defendants. Accepting the allegations of the petition as true, the defendants, who are insolvent, are committing such wanton waste as to practically destroy the value of plaintiff's dower estate. Being the owner of a life estate, she has the right to have defendants restrained.

That right is not annulled by the judgment of the circuit court in the ejectment suit, that defendants are the owners of the land. It is true that if defendants are the fee simple owners, plaintiff has no dower. But an appeal was taken from that judgment to the Supreme Court, which is yet undecided, and plaintiff has a right to protect her claim until a final decision that she has none. In Wood v. Braxton, 54 Fed. 1005,

the court said: "Where the timber on land constitutes the chief element of value, an injunction will issue to restrain a cutting, pending an appeal to the Supreme Court of the United States, in another action involving the title, wherein the present defendant obtained judgment against the present plaintiff in the trial court."

The commission of waste by one in possession of land claiming adversely to plaintiff, may be restrained pending an appeal from a decree adjudging defendant's title to be valid. Plaintiff has a right to have the status of the property preserved during the pendency of an appeal taken in good faith. It would be gross injustice to have one's property returned to him wasted and valueless at the end of his successful effort to wrest it from a wrongful claimant. [Woods v. Riley, 72 Miss. 73; Erhardt v. Boaro, 113 U. S. 537; Peoples Traction Co. v. Railroad Co., 67 N. J. Eq. 370; Walker v. Maddox-Rucker Banking Co., 97 Ga. 386.] In principle this view is sustained by the Supreme Court in State ex rel. v. Guthrie, 245 Mo. 144, 149 S. W. 305.

The demurrer should have been overruled, and therefore the judgment will be reversed and the cause remanded. All concur.