Orvis v. Elliott.

ORVIS v. ELLIOTT, Interpleader, Appellant.

Division One, December 23, 1898.

Appellate Practice: REVIEW OF DECISION OF COURT OF APPEALS. The Supreme Court will not review a decision of a court of appeals, which had full jurisdiction of the cause.

*Appeal from Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

APPEAL DISMISSED.

FRANK TITUS for appellant.

(1) The alleged judgment of the circuit court of June 6, 1892, purporting to bar interpleader, was not a "final" judgment in law, but an interlocutory order. Interpleader's rights to his money in the custody of garnishee, have never been adjudicated by due process of law; and interpleader's motion to set aside the judgment of the court below

Orvis v. Elliott.

reinstating such order in bar was erroneously denied. Tanner v. Irwin, 1 Mo. 66; Dieckhart v. Rutgers, 45 Mo. 135; Astor v. Chambers, 1 Mo. 192; Strickler v. Tracy, 66 Mo. 465; Railroad v. Burger, 32 Mo. 578; McMurtry v. Glasscock, 20 Mo. 432; Ham v. St. Louis Schools, 34 Mo. 182; Greeley v. Railroad, 123 Mo. 157; State ex rel. v. Klein, 140 Mo. 502; Iron Mountain Co. v. Southern Co., 108 U. S. 24; Hanson v. Bowyer, 4 Metc. (Ky.) 103; Jeffery v. Robbins, 62 Ill. App. 190; 1 Freeman on Judg. [4 Ed.], secs. 12, 15; 2 Wade on Attachment, sec. 521; R. S. 1889, secs. 2209 and 2210. (2) The judgment of the court below, striking out the interplea of Elliott, and assessing the costs against him in favor of plaintiff, operate as a denial of justice, and an appropriation of interpleader's property without due process of law. R. S. 1889, secs. 572, 5255 and 5258; Bank v. Mellen, 45 Mich. 413; Dill v. Wilber, 79 Me. 561; Whalen v. McMahan, 16 Colo. 373; Underwood v. Boston Sav. Bank, 141 Mass. 305; Edwards v. Cosgro, 71 Ia. 296; McElpatrick v. Macauley, 15 Mo. App. 104; Burgert v. Borchert, 59 Mo. 85; Bradley-Hubbard Co. v. Bean, 20 Mo. App. 111; Ladd v. Couzins, 35 Mo. 516; McGarry v. Lewis Coal Co., 93 Mo. 237.

ROBERT ADAMS for respondent.

(1) The Kansas City Court of Appeals had jurisdiction of this case, and of the parties to this controversy, and its judgment is conclusive of the question, and became *res adjudicata*. Orvis v. Elliott, 65 Mo. App. 96; State ex rel. v. Harper, 56 Mo. App. 611; Chouteau v. Gibson, 76 Mo. 38; Brewing Co. v. Leavie, 41 Mo. App. 584; State ex rel. v. Smith, 104 Mo. 419; Rees v. McDaniel, 115 Mo. 145; Dodge v. Gaylord, 53 Ind. 365; Lucas v. San Francisco, 28 Cal. 591; Rountree v. Turner, 36 Ala. 556; Hawley v. Smith, 45 Ind. 183; Braden v. Graves, 85 Ind. 92; Ins. Co. v. Clement, 77 Va. 366; Miller v. Cook, 77 Va. 528; Roberts

v. Cooper, 20 How. 467; Johnson v. Lotta, 84 Mo. 142; Laffom v. Frestwell, 24 Mo. App. 258; Bevis v. Railroad, 30 Mo. App. 566; Supervisors v. Kennicott, 94 U. S. 498. (2)   The Kansas City Court of Appeals had the exclusive appellate jurisdiction of the issues involved in this case; the amount involved is only $873.50, and no constitutional questions were presented as required by the Constitution and the decisions of this court.   Kerr v. Simmons, 82 Mo. 269; Ash v. City of Independence, 145 Mo. 120; Parlin & Oxendorf Co. v. Hord, 145 Mo. 117; Hulet v. Railroad, 145 Mo. 35; Security Sav. Trust Co. v. Donnell, 46 S. W. Rep. 959; Reichenbach v. United Masonic Ben. Ass'n, 20 S. W. Rep. 317; Anchor Milling Co. v. Walsh, 97 Mo. 287.

BRACE, P. J.—From a judgment of the Jackson county circuit court in this case, the respondent took an appeal to the Kansas City Court of Appeals.   At the October term, 1895, of said court of appeals, the judgment of the circuit court was reversed, and the cause remanded with directions to the circuit court to reinstate its judgment against the interpleader rendered at the April term (1892) thereof. [Orvis v. Elliott, 65 Mo. App. 96, where a full statement of the case may be found.]   At the April term, 1896, of the circuit court, in pursuance of the mandate of the court of appeals, the circuit entered an order reinstating said judgment. Thereupon the interpleader filed his motion in the circuit court asking that said order so entered in pursuance of the mandate of the court of appeals, be set aside and annulled, for sundry defects, errors and imperfections in the proceedings and trial of the cause, whereby it was alleged that the interpleader was deprived of his property without due process of law, and in support of his motion introduced in evidence some of the original papers and record thereof, the attachment bond and indorsements, answer of the garnishee, order of court notifying interpleader and his interplea.

The motion was overruled by the circuit court, and from the order overruling the motion, the interpleader appeals to this court.

The amount involved in the issues of the case was $783.58. The issues were between private persons, in which the title to real estate was not involved and in the trial of which no question was raised involving the construction of the Constitution of the United States, or of this State, nor the validity of a statute, or authority exercised under the United States. The appeal therein was properly taken to the Kansas City Court of Appeals which had exclusive jurisdiction thereof. The issues between the parties were finally determined by that court, and when in obedience to the mandate of the judgment thereof the circuit court reinstated the judgment of April, 1892, that was the end of the case, and of judicial action therein so far as the issues thereof were concerned, and thereafter the judicial power of the court in the case ceased, except as to its process to carry into execution the judgment entered in pursuance of the mandate. The motion was not in any manner directed at the process of the court, but sought to impeach the final judgment of the court of appeals, which the circuit court had no power to review, and by an appeal from its order overruling the motion, to obtain a review thereof by this court. Such practice is intolerable, and the attempt in its inception ought to have been strangled by a refusal to entertain the motion. The circuit court should assist in preventing improper appeals from coming to this court. The appeal is dismissed.