GARY REALTY COMPANY v. E. F. SWINNEY, Appellant.—297 S. W. 43.

Court en Banc, June 27, 1927.

1. **EXECUTION: Collateral Attack.** A motion to quash an execution, if on account of any infirmity in the judgment on which it is based, is a collateral attack upon the judgment.

2. ———: **After Mandate of This Court: Premature: Remedy: Motion to Quash.** A judgment against defendant was affirmed by this court, and a motion for a rehearing was overruled, and the mandate transmitted to the circuit court, and execution issued. When the motion for rehearing was ruled only five of the seven judges were present, and three of them concurred in overruling the motion, and two dissented; and defendant's contention is that the motion is still pending. **Held,** that, the mandate having been sent down, defendant's remedy was not to file a motion in the circuit court to quash the execution on the ground that the mandate was premature and that his motion for a rehearing was still pending, but to file his motion in this court calling attention to the alleged irregularity in overruling his motion and the alleged pendency of the motion for a rehearing, and to recall the mandate and act upon the motion for rehearing; and such motion having been filed and overruled, this court necessarily ruled that the mandate was not premature, and the circuit court had no authority to question it.

3. ———: **Mandate: Questioned by Trial Court.** The judgment against the defendant having been affirmed by this court and this court having ordered its mandate transmitted to the trial court, that court has no alternative but to obey a mandate and execute the judgment; it has no authority to question or interfere with the order of this court, or to question a mandate which shows no irregularity, or to presume, in the face of a regular mandate, that the case is still pending in this court, or to pass on the question whether the motion for a rehearing was overruled by a constitutional majority of the judges.

4. ———: **Affirmance of Judgment: Mandate.** In transmitting its mandate to the trial court this court divests itself of jurisdiction of the case, and the trial court alone thereupon has jurisdiction to enforce the judgment thus affirmed.

---

Corpus Juris-Cyc. References: **Appeal and Error,** 4 C. J., Section 3255, p. 1208, n. 65; Section 3262, p. 1211, n. 29; Section 3271, p. 1221, n. 58; Section 3308, p. 1244, n. 81; Section 3309, p. 1245, n. 2. **Judgments,** 34 C. J., Section 829, p. 524, n. 84.

Appeal from Jackson Circuit Court.—*Hon. Willard P. Hall,* Judge.

AFFIRMED.

*Frank M. Lowe* and *Kenneth McC. DeWeese* for appellant.

(1) A motion for rehearing suspends both the opinion and judgment of the court, and there is no final disposition of the cause until the motion has been judicially determined by the court. Sec. 4, Art. 6, Amendment to Constitution of 1890; Childs v. Railroad, 117 Mo.

414, 428; State ex rel. v. Kansas City, 104 Mo. 419; State ex rel v.
Bland, 148 Mo. 625; Walter v. Scofield, 167 Mo. 527; State ex rel. v.
Phillips, 96 Mo. 570; Baker v. St. Louis, 189 Mo. 375. (2) It re-
quires the affirmative vote of four judges to make an order, judg-
ment or decree in the court en banc. Rule 21 of Supreme Court;
Secs. 1517, 1518, R. S. 1919; Secs. 1 and 4, Art. 6, Amendment to
Constitution; State ex rel. v. Falkenhainer, 274 S. W. 761; In re Letch-
er, 190 S. W. 21; In re Bryley, 97 Kan. 611.

*Cooper & Neel* and *Wright & Warrick* for respondent.

(1) The trial court could not entertain motion to quash execution.
The mandate was in legal effect and in fact the judgment of af-
firmance transmitted to the trial court. (2) The mandate was com-
pulsory upon the trial court. The trial court could not go back of
this court's mandate. It was bound by the judgment of this court
as set forth in such mandate and had no alternative except to obey
that judgment, which directed it to execute its own judgment. Essey
v. Bushakra, 304 Mo. 231, 263 S. W. 406; Powell v. Bowen, 240 S.
W. 1085; Orvis v. Elliott, 147 Mo. 231; In re Sanford Fork & Tool
Co., 160 U. S. 247, 40 L. Ed. 414. (3) The trial court could not
question the finality of the mandate. It was regular on its face. The
term at which it issued had passed, without the mandate being re-
called, vacated or modified. This court had even been invited, during
such term, by respondent's motion, to recall the mandate if it was
deemed necessary to further consider or rule on the motion for re-
hearing. The ground of that motion was the fact that appellant then
was contending, in the trial court, that the mandate was premature
and improvidently issued, and for the reason now urged as the issue
on this appeal. This court had overruled respondent's motion, there-
by refusing to recall its mandate. These circumstances negatived the
only grounds which would have empowered this court to recall the
mandate within the term, viz., that it was issued through fraud, ac-
cident, inadvertence or mistake. Hence, absent fraud, accident, in-
advertence or mistake, the mandate of the appellate court becomes
final and irrecallable after the term in which it is sent down to the
trial-court. State ex rel. Logan v. Ellison, 267 Mo. 321; Padgett v.
Smith, 205 Mo. 122; State ex rel. v. Broaddus, 234 Mo. 358; Gratiot
v. Mo. Pac. Ry. Co., 116 Mo. 470; Waddell v. Williams, 50 Mo. 218;
Hill v. St. Louis, 20 Mo. 587. (4) The motion to quash could not
be maintained, being a collateral attack on the judgment and mandate
of the supreme court. Hammett v. Hatton, 189 Mo. App. 567; Col-
vin v. Six, 79 Mo. 198; Brackett v. Brackett, 53 Mo. 265. (5) The
five judges sitting constituted a quorum, a majority of whom had
power to deny rehearing.

WHITE, J.—The appeal is from an order of the Circuit Court of Jackson County, overruling a motion to quash an execution. The judgment, upon which the execution issued, was rendered in favor of plaintiff upon an appeal bond in which the appellant was a surety.

A judgment was rendered in the Circuit Court of Jackson County, March 18, 1916, in an action for unlawful detainer, in favor of plaintiff and against E. P. Kelly et al. The defendants appealed, giving bond, and the judgment was affirmed in this court June 3, 1919. [Realty Co. v. Kelly, 278 Mo. 450.] That judgment awarded possession of the premises sued for and $4,000 damages, and $650 per month, which was doubled, making $1300 per month, for withholding possession.

The plaintiff, Gary Realty Company, then brought suit on the appeal bond on which Swinney was surety, and recovered judgment July 18, 1921, for the amount of the bond, which was $25,000. The defendant, Swinney, appealed from that judgment, which was affirmed by this court December 30, 1924. [306 Mo. 592.]

An examination of the opinion written by Judge RAGLAND in that case, in which the appeal bond sued on was given, will show that among other things appellant attacked the original judgment for unlawful detainer, on the ground that the circuit court rendering the judgment had not acquired jurisdiction because of informalities in transferring the cause to the circuit court from the justice of the peace where that case originated.

Although the judgment was affirmed December 30, 1924, the mandate was withheld until June 18, 1925, at which time it was transmitted to the trial court. This was because a petition for a *certiorari* was presented to the United States Supreme Court seeking to have the case certified there. The writ was denied May 4, 1925.

In the meantime a motion for rehearing filed in the cause in this court was overruled February 17, 1925. On June 20, 1925, two days after the transmission of the mandate of this court, the circuit court issued execution. The defendant filed a motion to quash that execution on the ground that the motion for rehearing was still pending in this court. The plaintiff then filed a motion in this court to recall the mandate, and issue execution direct from this court. That motion was overruled. What became of that execution we are unable to discover from the record.

A second execution was issued by the trial court December 2, 1925. The defendant Swinney then filed a motion to quash that execution, still on the ground that the motion for rehearing in this court had not been acted upon and was still pending. This motion to quash the execution was overruled by the circuit court June 18, 1926. The appeal in this case is from that order. The ground of the motion, as stated, is that the motion for rehearing in the action upon the appeal bond was still pending in this court. The ap-

317 Mo. Sup.—44.

pellate sets out at length that motion, which again attacks the original judgment in unlawful detainer, and alleges errors in affirming the judgment of the trial court on the appeal bond. He then sets out the record in regard to the action of this court on the motion for rehearing February 17, 1925, which is as follows:

"Now at this day the court having considered the motion for a rehearing heretofore filed herein by the said appellant, doth order that said motion be, and the same is hereby overruled. (*Graves, C. J.,* and *Woodson, J.,* dissenting; *Walker* and *Atwood, JJ.,* absent)."

The motion to quash the execution filed in the circuit court is on the sole ground that the said motion for rehearing is still pending before the Supreme Court because the order overruling the motion for rehearing shows that only three judges voted for it, two judges dissented and two were absent. This on the ground that it requires a majority of the court to act on a motion of that kind.

I. A motion to quash an execution, if on account of any infirmity in the judgment upon which it is rendered, is a collateral attack upon the judgment. [34 C. J. 524; Enterprise Furniture & Carpet Co. v. Davidson, 244 S. W. (K. C. Ct. App.) 949; Hammett v. Hatton, 189 Mo. App. 567.]

The judgment of the trial court upon which the execution was issued, having been affirmed by this court, was in full force and effect when the execution was issued. The point made by the appellant is that his motion for rehearing in this court was still pending, and therefore execution was stayed until a final determination of the case in this court. Appellant does not make his point in that form, but that is the only ground upon which he could attack the execution. The motion says that the mandate of this court issued prematurely on that account. It will be remembered that the order overruling the motion, which he claims is irregular, occurred February 17, 1925, and the mandate was ordered and transferred to the circuit court June 18, 1925. The collateral attack of the appellant is not upon the judgment of the trial court in which an execution was issued, but upon the judgment of this court evidenced by its mandate to the circuit court.

II. What, then, is the force and effect of the mandate of this court? It was regular in form, as a judgment of this court, declaring that the judgment of the trial court was in all things affirmed. Its transmission to the circuit court apprised that court of that fact. The appellant in the circuit court attacks the judgment of this court on the ground that its mandate was premature. Obviously, the proper method for the appellant to pursue was to file his motion in this court calling attention to his alleged irregularity in overruling the motion for rehearing, and therefore the alleged pendency of the motion for rehearing in this court. He should have asked this court

to recall its mandate and act upon the motion for rehearing. That sort of motion was filed here by respondent. In overruling it this court must have found its mandate was not premature. Instead of such a motion appellant asked the circuit court to make an order which interferes with the order of this court. This court ordered the mandate transmitted to the circuit court; the circuit court then had no alternative except to obey the mandate and execute its judgment. It had no authority to question the regularity of this court's order. [Essey v. Bushakra, 304 Mo. 231; Powell v. Bowen, 240 S. W. 1085; Orvis v. Elliott, 147 Mo. 231.]

This court could not properly transmit its mandate to the trial court until a final determination of the case in this court. It could not be done while a motion for rehearing was pending. This court did, however, order a transmission of the mandate. Nothing appears in the mandate showing irregularity. In transmitting the mandate it must be presumed that this court found it had properly overruled the motion for rehearing. What the circuit court had before it was the regular order and judgment of this court affirming the judgment and mandate commanding the trial court to execute the judgment. He had to presume that the case was no longer pending in this court on motion for rehearing or otherwise. He was without authority, in this collateral attack, to question the regularity of any proceeding in this court, leading up to the issuance of the mandate. Had he looked further he would have found that this court, in ruling on respondent's motion to recall, had held that the mandate was not premature.

In transmitting the mandate of this court to the circuit court, this court divested itself of jurisdiction of the cause. The trial court alone then had jurisdiction to enforce its judgment thus affirmed.

The judgment is affirmed. All concur, except *Graves, J.,* who dissents.