THE STATE EX. REL. GARY REALTY COMPANY v. WILLARD P. HALL, Judge of Jackson County Circuit Court.—17 S. W. (2d) 935.

Court en Banc, May 25, 1929.*

*NOTE.—Opinion filed December 31, 1928. Motion for rehearing overruled May 25, 1929.

*Cooper & Neel* and *Wright & Warrick* for relator.

*Frank M. Lowe, Kenneth McC. DeWeese* and *Henry L. Jost* for respondent.

GENTRY, J.—This is an original proceeding, the object of which is to prohibit Honorable Willard P. Hall, Judge of the Jackson County Circuit Court, at Independence, from allowing an appeal from his order refusing to set aside his previous order striking from the files a motion filed by defendant to vacate a judgment and make an order restraining the clerk from issuing an execution. The judgment referred to was rendered by the circuit court (over which respondent presides) on July 18, 1921, in the case of Gary Realty Company v. E. F. Swinney. An appeal from that judgment to this court resulted in an affirmance of the judgment on February

17, 1925 (Gary Realty Co. v. Swinney, 306 Mo. 592). The judgment not having been satisfied, an execution was issued, when defendant filed a motion to quash the same; but the motion to quash was overruled. Defendant then appealed from the order overruling said motion, and this court affirmed the action of the trial court therein, on June 27, 1927 (Gary Realty Co. v. Swinney, 317 Mo. 687, 297 S. W. 43). Afterwards, on August 3, 1927, defendant filed in the trial court what he termed a "motion to vacate judgment and quash execution if issued." This motion was by the trial court stricken from the files. Whereupon, defendant filed what he termed a "motion to set aside the order striking defendant's motion to vacate judgment and quash execution if issued from the files." This motion was overruled by the trial court; and from its overruling defendant filed an affidavit for appeal. Thereupon, an application was made to this court to prohibit Judge Hall from granting defendant an appeal.

In the petition, relator in appropriate language recites the history of this case and its parent case, referring to the opinions, the mandates of this court and the effort of the defendant to again bring an appeal to this court on matters included in the former suit. Prayer is then made that the respondent be prohibited "from hearing, considering, allowing or passing upon said application for an appeal and further prohibiting and restraining him from entertaining, hearing, considering, passing upon or deciding any further proceedings, motions, applications or other pleadings or matters in said cause, except only to carry into effect, and force and execute the aforesaid mandate and judgment of this court therein." Attached to the petition are exhibits, being certified copies of the pleadings and record therein referred to.

Counsel for respondent, who are also counsel for E. F. Swinney (in whose behalf the motion was made before respondent), have made for respondent, with his approval, a return, in which much of the history of this litigation is set forth. The return then states:

"Your respondent states that under the law and decisions of this honorable court, defendant E. F. Swinney had the right to file his motion to vacate the judgment rendered against him; that relator, plaintiff therein, resisted said motion on the ground, among others, that the motion was groundless and frivolous as it had the right to do, and your respondent states that he had the power and authority to hear, try and determine said motion to vacate said judgment and did exercise said power and authority on the 1st day of November, 1927, by sustaining relator's motion to strike defendant's motion to vacate from the files (Ex. D). That thereafter on November 4, 1927, defendant files its motion to set aside order striking defend-

ant's motion to vacate judgment and quash execution (if issued) from the files (Exhibit E, page 47), and relator appearing at the hearing of such motion on December 17, 1927, said motion overruled (Exhibit F, page 49) and thereupon defendant filed its motion and affidavit for appeal (Exhibit G, page 49). . . .

"Your respondent states that he is the judge of the Circuit Court of Jackson County, Missouri, sitting at Independence, before whom the motion to vacate the judgment in. Cause No. 37863 was pending; that your respondent had authority to hear, try and determine said motion; that your respondent had all the parties thereto before him and had jurisdiction of both the subject-matter and of the parties thereto; that your relator herein appeared in court and took part in all the proceedings therein and after securing a favorable ruling on defendant's motion to vacate the judgment, then denied the authority of your respondent to grant said defendant an appeal from such unfavorable ruling; that under Section 1469, Revised Statute 1919, appeals from any special order after final judgment in the cause are provided for, and that defendant E. F. Swinney is entitled by law to have his appeal allowed herein; that your respondent would have allowed said appeal to defendant E. F. Swinney had he not been commanded not to do so by this honorable court.

"Your respondent denies that he was without jurisdiction to hear, try and determine the motion to vacate the judgment filed by defendant; but affirms that he had jurisdiction of both the subject-matter and of the parties thereto; your respondent denies that he did not observe and enforce the mandate of this honorable court dated August 2, 1927, and filed in your respondent's court August 9, 1927, but affirms that he did obey said mandate. Respondent denies that said mandate of August 2, 1927, directed the execution of the money judgment in said Cause No. 37863, but affirms that said mandate only affirmed your respondent's ruling that an execution issued under the judgment in Cause No. 37863 should not be quashed on the ground that a motion for rehearing was pending in · this honorable court (that being the sole issue on the appeal on which the mandate of August 2, 1927, was entered).

"Respondent denies that defendant has ·no statutory right to take the appeal prayed for, but affirms that Section 1469, Revised Statutes 1919, specifically provides for appeals from special orders after judgment, and that the motion to set aside the order striking defendant's motion to vacate from the files. is such a special order after judgment and that defendant is entitled to an appeal therefrom.

"Respondent denies that the issues presented by defendant's motion filed before your respondent are *res adjudicata,* as defendant's

motion in the nature of a writ of *audita querela* has never been passed upon by this honorable court, and even if they were *res adjudicata*, the remedy would be by appeal, and not by prohibition.

"Respondent affirms that relator's ground for writ of prohibition that the attempted appeal and defendant's motions preliminary thereto, are, on the face of the record, groundless, frivolous and purely dilatory, are not sufficient grounds for the granting of a writ of prohibition; that the only ground for the granting of such writ of prohibition is that your respondent had no jurisdiction, and respondent affirms that he had jurisdiction to pass on the issues raised by defendant's motion to set aside the order striking his motion to vacate from the files."

In August, 1927, as above stated, defendant Swinney filed his "motion to vacate judgment and quash execution if issued;" in which he recited much of the history of this litigation, and then said:

"Two years after the opinion by the Supreme Court on the motion to quash the execution issued in Cause No. 95041. a decision was rendered in this case by the Supreme Court sustaining the judgment herein, and mandate of said Supreme Court was issued and filed in the circuit court herein. Before the issuance of execution thereon, defendant files this, his motion in the nature of a writ of *audita querela* to set aside, vacate and hold for naught the judgment rendered herein on the 18th day of July, 1921, against this defendant, for the reason that the judgment in Cause No. 95041 upon which this judgment is based and upon which it depends, was by the judgment of the Supreme Court in the certiorari proceeding, on the 30th day of December, 1924, held to be rendered by a court without jurisdiction, and therefore the judgment herein, being based upon a judgment which has been held to have been rendered by a court without jurisdiction, must be vacated, set aside and held for naught, as there is now no foundation upon which said judgment can stand.

"That plaintiff now that the mandate has been filed in this court will ask for an execution to issue and if issued the same will be placed in the hands of the sheriff and when so placed the sheriff will levy upon property of the defendant and sell the same; that the plaintiff herein is insolvent and has no property, and that this defendant has no adequate relief except in this proceeding and that the defendant prays the court to make an order restraining the clerk of this court from issuing any execution herein until this motion is disposed of; that the plaintiff is amply secured in this case an appeal bond of $50,000 having been executed and now on file in this court.

"Wherefore, defendant prays that the judgment herein rendered on the 18th day of July, 1921, be vacated, set aside and held for

naught, and that in the meantime the court make an order restraining the clerk from issuing any execution herein until the final disposition of this motion, and for such other and further orders as to the court may seem meet and just."

It will be seen that this application for prohibition is the outgrowth of a suit on appeal bond, executed by defendant Swinney as security for three defendants in a case of unlawful detainer regarding the Empress Theatre in Kansas City; this case, and matter connected with it, have been in the courts in various forms for many years. The parent case started in the court of a justice of the peace in November, 1915, and it might be mentioned that this opinion is being written in November, 1928. The questions involved have been before the courts and will be found in the following reported decisions: Gary Realty Co. v. Kelly, 278 Mo. 450; Gary Realty Co. v. Kelly, 284 Mo. 418; State ex rel. Kelly v. Trimble et al., Judges, 297 Mo. 104; Gary Realty Co. v. Swinney, 306 Mo. 592; Gary Realty Co. v. Swinney, 317 Mo. 687, 297 S. W. 43. Opinions regarding the questions involved have been written by Judges WOODSON, FARIS, RAGLAND and WHITE; and learned counsel have presented their theories of the case and argued the same with earnestness and ability. It should also be stated that an unsuccessful effort was made to take this case on certiorari to the Supreme Court of the United States.

I. The question now is, can defendant Swinney after a trial of the suit on the appeal bond on the merits in the lower court, and an appeal to this court from an adverse judgment, and after an affirmance of said judgment by this court, attack the judgment in the manner here attempted? It is claimed by relator that the trial court is without authority to take any action, save to enforce the collection of the judgment by execution. On the other hand, it is claimed by defendant Swinney that his motion is an application for a writ of *audita querela,* and that he is entitled to a hearing thereon in the trial court, and an appeal from an adverse ruling thereon to this court.

The ancient writ of *audita querela,* recognized for many years at common law, issued only to right some wrong in the interest of substantial justice and when the fact (on which the motion is founded) must have been wrongly considered in the entering of the judgment which is sought to be corrected. The writ does not authorize any court to review or revise its opinions, neither can it be made a substitute for an appeal or writ of error.

In speaking of the writ of *audita querela,* it is described as "a proceeding in order to be relieved from a final judgment and execution on account of some objection which cannot be relieved by

proceedings in error. It is founded upon some matter of equity, or fraud, or release, or something of the like nature, which has transpired since the rendition of the judgment, and which would render its enforcement inequitable and unjust." [3 Amer. & Eng. Ency. Law (2 Ed.) p. 513.]

It is further stated that "the writ of *audita querela* will lie where a good matter of defense or discharge has accrued since judgment; or before judgment, when the complainant had no opportunity to plead it for want of notice, or, having notice, was deprived of the opportunity by the collusion or fraud of the other party. It is a proper method of obtaining relief in consequence of a discharge in bankruptcy subsequent to the judgment. . . . The writ will also lie to vacate a judgment rendered against an infant who was not represented by a guardian; or to obtain relief against a guardian in a secondary or collateral action, when the original action has been barred, reversed, or set aside; or to set aside a judgment irregularly entered after a discontinuance, or entered in contravention of an agreement for a continuance; or to set aside a judgment from which an appeal was wrongfully denied by the inferior court; or to set aside the judgment of a justice of the peace when he has no jurisdiction over the subject-matter; or to enforce a tender or compromise. It may also be brought to annul an execution issued irregularly or without authority of law; or to supersede an alias execution, when satisfaction has been made wholly or in part on a prior execution." [3 Ency. Plead. & Prac. 114.]

But the same authorities hold that "a party is not entitled to relief by *audita querela* when he has had a legal opportunity to avail himself of the matters of defense set forth in his complaint, or when the injury of which he complains is attributable to his own neglect. It will not lie where the matter of the complaint is a proper subject for a writ of error; nor for mere irregularities not going to the absolute validity of the process or the substantive merits of the controversy." [3 Ency. Plead. & Prac. 119; 6 C. J. 855.]

After quoting from Blackstone, Freeman, in speaking of the writ of *audita querela,* says: "The original purpose of the writ, and the one to which it is generally confined, is that of relieving a party from the wrongful acts of his adversary, and of permitting him to show any matter of discharge which may have occurred since the rendition of the judgment." [1 Freeman on Judgments (5 Ed.) Sec. 257, p. 518.]

Still another definition is: "An action deriving its name from a writ granted by the courts of common law in favor of one against whom execution had issued or was about to issue upon a judgment which it would be contrary to justice to allow to be enforced, either

because of matters arising subsequent to the rendition thereof, or because of prior existing defense which were not available to the judgment debtor in the original suit, by reason of the judgment creditor's fraudulent conduct, or through circumstances over which the judgment debtor had no control." [2 R. C. L. 1159.]

"*Audita querela* is the name of a writ constituting the initial process in an action brought by a judgment-defendant to obtain relief against the consequences of the judgment, on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise." [1 Black on Judgments (2 Ed.) Sec. 299, p. 457.]

Bearing in mind the objects and purpose of such a writ, let us see if the instant case, at this time, justifies resort thereto. Relator sued defendant Swinney in the circuit court, alleging the execution by him of the appeal bond in the unlawful detainer case, the failure of the principal in the bond to pay the judgment, interest and costs; and, upon a trial of those issues, recovered judgment against said defendant on July 18, 1921. An appeal was taken to this court, which, in due time, was presented, considered and passed upon adversely to Mr. Swinney's contention. By referring to the opinion in that case, it will be seen that some of the very questions now raised by his counsel were raised by them on that appeal (306 Mo. 592); and, as stated before, were decided adversely to the contention of his counsel. If, through inadvertence or mistake, all of the questions were not raised, which he and his resourceful counsel wanted decided, the plaintiff in that case (relator here) should not be required to try the case again. We know of no statute or rule of procedure which provides that a successful party shall be penalized in such a manner. Neither do we know of any statute or rule of procedure that requires either the circuit court or this court to retry a case under such circumstances. That judgment is a final judgment, and respondent properly refused to consider defendant's motion to vacate the judgment.

As above stated, defendant filed a motion on December 4, 1925, to quash the execution issued on the judgment of July 18, 1921, and respondent overruled said motion. On appeal, this court approved this action of respondent and affirmed the judgment. The question of the right to quash the execution based on such judgment thereupon became a finality (317 Mo. 687, 297 S. W. 43). Again, it may be said that if defendant did not present to this court all of the reasons which he desired to present in favor of quashing the execution, he is in the same position in which other unsuccessful litigants have been placed. If this court had the power, it would indeed be a dangerous practice and subject to the greatest abuse, if the court

should reopen a case and permit another trial nearly four years after a judgment has been affirmed. If a case could thus be reopened once, why could it not also be reopened many times? Would there ever be an end to litigation?

If this court should sustain the contention of counsel for respondent and consider the appeal which it is his purpose to grant, an appeal from the overruling of the motion to quash, and if this court should affirm the action of respondent, there would be nothing to prevent the filing of another motion before respondent, asking that the execution be quashed for the same or for still other reasons, thereby prolonging the litigation indefinitely. This case and the parent case having run the gamut of legal procedure, from the J. P. court through the circuit court, Court of Appeals and Supreme Court, having been heard in the circuit court and Supreme Court these many times, in the language of operators of theatres, it is time "to ring the curtain down."

II. Counsel, in their briefs and oral arguments, insist that prohibition should not be resorted to in a matter such as this. We cannot agree with them. In a standard work on Extraordinary Remedies, in the discussion of the writ of prohibition, it is said: "Three conditions are necessary to warrant the granting of the relief: first, that the court, officers or person against whom it is sought is about to exercise judicial or quasi-judicial power; second, that the exercise of such power is unauthorized by law; third, that it would result in injury for which no other adequate remedy exists." [High on Extraordinary Remedies, sec. 764a.]

Another authority puts it this way, in discussing the grounds for the issuance of such a writ: "In modern practice, if the lower court is clearly without jurisdiction at all, either of the person or subject-matter, or of something collateral or incidental thereto; or having jurisdiction, exceeds it; or insists upon proceeding after it has lost jurisdiction, the writ will ordinarily issue, if there is no other adequate remedy in the ordinary course of law, and timely objection has been made by law to the jurisdiction." [Ferris on Extraordinary Legal Remedies, Sec. 312, p. 423.] We are not without authority in this court for the resort to prohibition in cases of this character. We have said: "When rights have been fully and finally determined, there should be an end to their litigation. Final judgments should be final, and the courts rendering them should not be trifled with. The writ of prohibition is available to keep the court within the limits of its power in a particular proceeding, as it is to prevent the exercise of jurisdiction over a cause not given by law to its consideration." [State ex rel. v. Board of Trustees of Y. W. C. A., 268 Mo. l. c. 168; State ex rel. Fabrico v. Johnson,

293 Mo. 302.] We, therefore, hold that prohibition is proper in a matter such as this.

The preliminary rule herein is made permanent, and respondent is prohibited from hearing, considering, allowing or passing upon said application for an appeal and further prohibited and restrained from entertaining, hearing, considering, passing upon or deciding any further proceedings. motions, applications or other pleadings or matters in the case of Gary Realty Company v. E. F. Swinney, except only to carry into effect and force and execute the aforesaid mandate and judgment of this court. All concur.