WILLIAM C. LITTLE et al. v. ST. LOUIS UNION TRUST CO., Interpleader, and NATIONAL BANK OF COMMERCE, Appellant.

### Division One, November 30, 1910.

1. **TRANSFER OF CASE TO SUPREME COURT: Last Previous Decision: Controlling.** It is only when a judge of a Court of Appeals deems one of its decisions to be contrary to a previous decision of any of the courts of appeals or of the Supreme Court, that the cause can be certified to the Supreme Court. If the decision of the Court of Appeals is deemed to be in conformity with the last decision of the Supreme Court, but said last decision is deemed wrong or ill-considered, or contrary to prior decisions or not "the controlling one," there is no authority for the transfer of the case to the Supreme Court.

2. ————: ————: **Power of Circuit Court to Tax Costs.** The trial court had held that a trust company could interplead (its right to do so being resisted), and pay the fund into court and be discharged, and recover its costs to be taxed, and a reasonable attorney's fee, the amount thereof to be thereafter determined, and that the plaintiff and the other defendants interplead for the fund. On appeal to the Supreme Court, this judgment was affirmed; and thereafter the circuit court awarded interpleader certain costs and an attorney's fee, and from that judgment an appeal was taken to the Court of Appeals, where it was contended the trial court had no jurisdiction, at a subsequent term, after the former final judgment, to render the judgment for costs and fees. The Court of Appeals affirmed the judgment, but one of the judges dissented, and in a dissenting opinion expressed the view that the decision of the Supreme Court on the former appeal, which was "the last previous" ruling of the Supreme Court on the subject, was in conflict with prior decisions of the Supreme Court, and was "not to be considered by the Court of Appeals as a controlling authority," and therefore caused the case to be certified to the Supreme Court. *Held*, that in the opinion of said judge the decision of the Court of Appeals was in harmony with "the last previous ruling" of the Supreme Court on the point, and therefore the Supreme Court acquired no jurisdiction of the cause.

Appeal from St. Louis City Circuit Court.—*Hon. Matt G. Reynolds*, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

VALLIANT, J.—This cause comes here from the St. Louis Court of Appeals on the dissent of one of the judges who deems the majority opinion of that court in conflict with certain decisions of this court, and on his request the cause is certified to this court under section 6 of the amendment of 1884 to article 6 of the Constitution.

The suit was begun in the circuit court of the city of St. Louis by the plaintiffs against the St. Louis Union Trust Company and others, plaintiffs claiming for themselves and others to be entitled to a certain fund in the hands of the St. Louis Union Trust Company. The Trust Company filed an answer and cross-bill in the nature of a bill of interpleader, asking to be allowed to pay the fund into the court, and be discharged with its costs and a reasonable allowance to pay its attorneys. The right to require the various claimants to interplead was resisted, and the question was on the right of the Trust Company to maintain its bill of interpleader. The decree was in favor of the Trust Company, the court decreeing that it might pay the fund into court and be discharged, and recover its costs to be taxed and a reasonable attorney's fee, the amount to be by the court thereafter determined, and that the plaintiffs and the other defendants interplead for the fund. On appeal to this court the judgment was affirmed. [Little v. Union Trust Co., 197 Mo. 281.] When the cause went back to the circuit court a judgment was rendered awarding the Trust Company certain items of costs amounting to $371.74, and attorney's fees to the amount of $1500. From that judgment an appeal was taken to the St. Louis Court of Appeals, where it was contended that the circuit court had no jurisdiction to render judgment fixing the amount of the costs and attorney's fees; that the juris-

diction of that court ended when it rendered the final judgment from which the appeal to the Supreme Court was taken, and that it could not at a subsequent term adjudge the amount of attorneys' fees to be allowed the Trust Company. The cause came on for hearing in the St. Louis Court of Appeals, and that court rendered judgment affirming the judgment of the circuit court. [Little v. Union Trust Co., 146 Mo. App. 580.] One of the judges dissented from the majority opinion and filed a dissenting opinion, in which he expressed the view that the majority opinion was in conflict with certain decisions of this court, naming them, but he also referred to a later decision of this court and said: "It is true that in the case of Padgett v. Smith, 207 Mo. 235, the Supreme Court, in an opinion *per curiam*, held that the circuit court that tried the cause had jurisdiction to hear evidence as to the nature and extent of the services and their reasonable value, and to make a proper allowance therefor, to be taxed as costs, after its judgment had been affirmed by the Supreme Court; but I find nothing in this later case to show that the question was presented to the court and adjudicated by it as to whether or not the jurisdiction still remained in the circuit court. It does not appear that counsel were heard, or that there was any opposition to the motion, or that the prior adjudications of the court on the matter were in any way called to the attention of the court; and while it is true that the Padgett case is the last decision of the Supreme Court on the subject, I cannot think that it is the controlling one." In other words, the learned judge thought that this court had not given due consideration to the subject, and therefore, although it was the last previous ruling of this court on that subject, it was not to be considered by the Court of Appeals as a controlling authority.

It is only when a judge of the Court of Appeals deems one of its decisions to be contrary to a previous decision of any one of the courts of appeals or of this

court, that the cause can be certified to this court for determination. If the decision of the Court of Appeals is deemed to be in conformity with the last decision of this court, but the last decision of this court is deemed to be wrong, there is no authority for transferring the cause here. In this case the dissenting judge agrees with the other judges of his court that the majority opinion conforms to the last previous ruling of this court on that subject, but he is of the opinion that the case in which that ruling was made was not well considered and therefore is not controlling. It is not, however, for the judge to decide whether or not the last previous ruling of this court is controlling; the Constitution leaves no question on that subject; its language is explicit: "The last previous rulings of the Supreme Court on any question of law or equity shall, in all cases, be controlling authority in said courts of appeals." [Section 6, Amendment 1884, art. 6.]

There was no authority for transferring this cause to this court. It is therefore returned to the St. Louis Court of Appeals. All concur.