LOUISE NIEDRINGHAUS and MERCANTILE TRUST COMPANY, Trustees under the Will of OLIVER B. NIEDRINGHAUS, deceased, and LOUISE NIEDRINGHAUS, Appellants, v. WILLIAM F. NIEDRINGHAUS INVESTMENT COMPANY, GEORGE HAYWARD NIEDRINGHAUS, Executor of GEORGE W. NIEDRINGHAUS, deceased, ALBERT W. NIEDRINGHAUS, LEE I. NIEDRINGHAUS and NATHANIEL B. RANDOLPH.—52 S. W. (2d) 395.

Court en Banc, July 7, 1932.

*Douglas W. Robert* for appellant.

*Gustave A. Stamm, William R. Orthwein* and *Maurice L. Stewart* for respondents.

RAGLAND, J.—This case was originally heard in Division Two. Following its submission an opinion was written by one of its learned Commissioners. We adopt from that opinion its statement of facts, as follows:

"This appeal grows out of the facts involved in cases numbered 29624 and 29625 on our docket, in which an opinion has been written at this term. This appeal is by plaintiffs from an order of the Circuit Court of the City of St. Louis, fixing the compensation to be allowed the referee and stenographer and ordering same taxed as costs against plaintiffs in Louise Niedringhaus et al., Appellants,

v. William F. Niedringhaus Investment Company et al., Respondents, 329 Mo. 84, 46 S. W. (2d) 828, which see for complete statement of the facts. For the purpose of this appeal a brief statement will suffice.

"Plaintiffs instituted against defendants an action for the appointment of a receiver for defendant corporation and for other equitable relief. The court appointed Charles B. Williams as referee. At the beginning of the hearing before the referee the parties plaintiff and defendant stipulated that the statutory fees for referees should be waived and that the compensation of the referee should be fixed by the court if the parties did not agree thereon, and should be taxed as costs in the case, also that the stenographer's fees should be so allowed and taxed. During the hearing the parties paid the referee $6,000, each side paying half. The parties failed to agree upon the further sum to be paid the referee or that anything further should be paid, the plaintiffs particularly contending that the $6,000 already paid was ample compensation. The referee in his report and also in a separate motion filed by him at the same time, November 8, 1927, asked the court to allow him a 'reasonable fee for his services;' also to allow and tax as costs $372.75 in favor of the stenographer who had taken and transcribed the testimony. The latter sum was one-half of the stenographer's fee, the other half already having been paid by defendants.

"The court continued the case under advisement from term to term until its October term, 1928, when, on November 14, 1928, it overruled plaintiffs' exceptions to the referee's report, approved the report and entered judgment for the defendants, dismissing plaintiffs' bill, but in the judgment made no reference to the referee's motion for allowance of fees, and made no allowance to the referee or the stenographer. After unavailing motions for new trial and in arrest, the plaintiffs applied for and were duly granted an appeal from that judgment, the order granting the appeal being entered on November 20, 1928, at the October term.

"The referee did not call up his motion for allowance of fees until after the appeal had been granted. On some day of the October term, after the granting of the appeal to plaintiffs, he asked that his motion be heard and it was set down for hearing on November 28, on which date it was continued to December 1, which was the last day of the term. On that day, December 1, 1928, the referee filed a motion suggesting that there was some doubt of the court's authority to pass upon the motion for allowance of fees after entry of judgment and the granting of the appeal and, to that end that his motion for allowance might be properly considered, asked the court to set aside the judgment that had been entered and to hear his motion for allowance of fees and then to re-enter judgment. The court thereupon,

on the same day, same term, entered the following order setting aside the judgment.

" 'The court having heard and duly considered the motion of Charles B. Williams, heretofore appointed referee in the above entitled cause, to set aside the decree, this day filed and submitted herein, doth order that said motion be and the same is hereby sustained.

" 'Thereupon, it is ordered by the court that the decree entered herein November 14, 1928, be and the same is hereby set aside and vacated.'

"On the same day the court made an order continuing the hearing of the referee's motion for allowance of fees to December 12, 1928, a day of the succeeding term of court. . . .

"Thus matters stood when the October term of court ended. On December 3, 1928, the first day of the December, 1928, term, the court entered, or re-entered, of record a judgment identical with the one entered November 14, still without having heard or passed upon the referee's motion for allowance of fees. At the same term and on December 21, 1928, plaintiffs duly appeared from the judgment of December 3.

"In the meantime, on December 12, the court heard evidence *pro* and *con* on the referee's motion for allowance of fees and on December 20 made the following order (omitting caption) :

" 'The court having heard and duly considered the motion for allowance of referee's and stenographer's fees, heretofore filed and submitted herein, doth order that said motion be and the same is hereby sustained, and that Charles B. Williams, Esq., referee herein, be and he is hereby allowed the sum of $6500 in addition to the sum of $6000 previously paid to him, making a total allowance to said referee in full of $12,500.

" 'It is further ordered by the court that Corcoran-Harding Reporting Company be and it is hereby allowed the sum of $372.75, balance, for services rendered by it, and that both said allowances be taxed as costs in this cause.'

"On December 21, 1928, and at said December term, plaintiffs appealed from the order of December 20 allowing and taxing as costs in the case the referee's and stenographer's fees. It is the said order of December 20, 1928, with which we now have to deal."

Whether we have jurisdiction of this appeal is the first question suggested by the record. For the purpose of determining such jurisdiction it is immaterial: whether the final judgment in the case out of which the instant appeal grows was rendered at the October term or the December term, 1928, of the circuit court; and whether the effective appeal from such judgment was taken at the one or the other of said terms.

■ The final judgment above referred to, which was a decree in equity, simply dismissed "the plaintiffs' bill at the costs of the plaintiffs." In so doing the decree merely adjudged the costs of the proceeding against the plaintiffs. It will be noted that it neither limited the amount nor particularized as to the charges or expenditures which might be taxed as costs. It included all items, regardless of their character or aggregate amount, which could be legally taxed. It is manifest therefore that the order allowing and directing to be taxed as general costs in the case the fees of the referee and the stenographer did not in the slightest degree change, alter or amend the decree. As to the decree, the order was purely collateral.

In the appeal from the decree no question relating to the allowance or taxation of costs was in the remotest sense involved. [Niedringhaus v. Niedringhaus Invest. Co., 329 Mo. 84, 46 S. W. 828.] Neither is any question raised in this appeal which was embraced in the appeal from the decree. The two appeals are not only independent of each other, they are wholly unrelated. Each therefore stands on its own bottom so far as the question of appellate jurisdiction is concerned.

■ Looking to the appeal now before us, it is plain both from the record and the briefs of counsel that the additional allowance to the referee of $6,500 and the balance of $372.75 to the stenographer together constitute the amount in dispute. As the amount in dispute does not exceed the sum of $7,500 we are without jurisdiction. The cause is transferred to the St. Louis Court of Appeals. All concur.