STATE OF MISSOURI at the Relation of CHARLES B. WILLIAMS, Relator, v. CHARLES H. DAUES, WILLIAM DEE BECKER and GEORGE F. HAID, Judges of the St. Louis Court of Appeals.—66 S. W. (2d) 137.

Court en Banc, November 29, 1933.

*Henry H. Furth* and *Roberts P. Elam* for relator.

92

*Douglas W. Robert* for respondents.

TIPTON, J.—This is an original proceeding in certiorari to review the opinion of the St. Louis Court of Appeals in the case of Louise Niedringhaus and the Mercantile Trust Company, trustees under the will of Oliver Niedringhaus, deceased, and Louise Niedringhaus, appellants v. William F. Niedringhaus Investment Company, George Hayward Niedringhaus, executor of George W. Niedringhaus, deceased, Albert W. Niedringhaus, Lee I. Niedringhaus and Nathaniel Niedringhaus, respondents; which opinion is reported in 54 S. W. (2d) 79.

The facts, as stated in the Court of Appeals' opinion, are as follows:

"This case comes to us by transfer from the Supreme Court. [52 S. W. (2d) 395.]

"Prior to the transfer of the case to the court en banc, a decision was rendered by Division No. Two of the Supreme Court, which was concurred in by all of the judges in division. That opinion stated the facts and disposed of the case in the following manner:

" 'This appeal grows out of the facts involved in cases numbered 29624 and 29625 on our docket, in which an opinion has been written at this term. [46 S. W. (2d) 828.] This appeal is by plaintiffs from an order of the Circuit Court of the City of St. Louis, fixing

the compensation to be allowed the referee and stenographer and ordering same taxed as costs against plaintiffs in Louise Niedringhaus et al., Appellants, v. William F. Niedringhaus Investment Company et al., Respondents, No. 29624 and No. 29625, which see for complete statement of the facts. For the purpose of this appeal, a brief statement will suffice.

" 'Plaintiffs instituted against defendants an action for the appointment of a receiver for defendant corporation and for other equitable relief. The court appointed Charles B. Williams as referee. At the beginning of the hearing before the referee the parties plaintiff and defendant stipulated that the statutory fees for referees should be waived, and that the compensation of the referee should be fixed by the court if the parties did not agree thereon, and should be taxed as costs in the case, also that the stenographer's fees should be so allowed and taxed. During the hearing, the parties paid the referee $6,000; each side paying half. The parties failed to agree upon the further sum to be paid the referee or that anything further should be paid, the plaintiffs particularly contending that the $6,000 already paid was ample compensation. The referee in his report and also in a separate motion filed by him at the same time, November 8, 1927, asked the court to allow him a ''reasonable fee for his services;'' also to allow and tax as costs $372.75 in favor of the stenographer who had taken and transcribed the testimony. The latter sum was one-half of the stenographer's fee; the other half already having been paid by defendants.

" 'The court continued the case under advisement from term to term until its October Term, 1928, when, on November 14, 1928, it overruled plaintiffs' exceptions to the referee's report, approved the report, and entered judgment for the defendants, dismissing plaintiffs' bill, but in the judgment made no reference to the referee's motion for allowance of fees and made no allowance to the referee or the stenographer. After unavailing motions for new trial and in arrest, the plaintiffs applied for and were duly granted an appeal from that judgment; the order granting the appeal being entered on November 20, 1928, at the October Term.

" 'The referee did not call up his motion for allowance of fees until after the appeal had been granted. On some day of the October Term, after the granting of the appeal to plaintiffs, he asked that his motion be heard, and it was set down for hearing on November 28, on which date it was continued to December 1, which was the last day of the term. On that day, December 1, 1928, the referee filed a motion suggesting that there was some doubt of the court's authority to pass upon the motion for allowance of fees after entry of judgment and the granting of the appeal, and, to the end that his motion for allowance might be properly considered, asked the court to set aside the judgment that had been entered and to hear

his motion for allowance of fees and then to re-enter judgment. The court thereupon, on the same day, same term, entered the following order setting aside the judgment:

" ' "The Court having heard and duly considered the motion of Charles B. Williams, heretofore appointed Referee in the above entitled cause, to set aside the decree, this day filed and submitted herein, doth order that said motion be and the same is hereby sustained.

" ' "Thereupon, it is ordered by the Court that the decree entered herein November 14, 1928, be and the same is hereby set aside and vacated."

" 'On the same day the court made an order continuing the hearing of the referee's motion for allowance of fees to December 12, 1928, a day of the succeeding term of court.

" 'It will be observed that the court set aside only the judgment, from which an appeal had been taken, and the referee's motion asked only that the judgment ("decree") be set aside. The court did not set aside the order granting the appeal, nor did the referee's motion ask that that order be set aside.

" 'Thus matters stood when the October Term of court ended. On December 3, 1928, the first day of the December, 1928, term, the court entered, or re-entered, of record a judgment identical with the one entered November 14, still without having heard or passed upon the referee's motion for allowance of fees. At the same term and on December 21, 1928, plaintiffs duly appealed from the judgment of December 3.

" 'In the meantime, on December 12, the court heard evidence pro and con on the referee's motion for allowance of fees and on December 20 made the following order (omitting caption):

" ' "The Court having heard and duly considered the motion for allowance of Referee's and stenographer's fees, heretofore filed and submitted herein, doth order that said motion be and the same is hereby sustained, and that Charles B. Williams, Esq., Referee herein, be and he is hereby allowed the sum of $6500.00 in addition to the sum of $6,000.00 previously paid to him, making a total allowance to said Referee in full of $12,500.00.

" ' "It is further ordered by the Court that Corcoran-Harding Reporting Company be and it is hereby allowed the sum of $372.75, balance, for services rendered by it, and that both said allowances be taxed as costs in this cause."

" 'On December 21, 1928, and at said December Term, plaintiffs appealed from the order of December 20 allowing and taxing as costs in the case the referee's and stenographer's fees. It is the said order of December 20, 1928, with which we now have to deal.' "

(1) I. The respondents in their opinion held that the circuit court did not have jurisdiction to set aside its judgment rendered at the

October Term, 1928, because the order granting an appeal from that judgment stood unrevoked and in force, and that its order attempting to do so was a nullity. "The said October Term judgment is therefore the final judgment in the cause."

In so holding the respondents followed our last previous ruling, when we decided this case on its merits; reported in 329 Mo. 84, l. c. 98, 46 S. W. (2d) 828, l. c. 830, we said:

"Plaintiffs' appeal from the judgment of November 14, 1928, appears as case No. 29624 on our docket, and that from the judgment entered December 3, 1928, as case No. 29625. Respondents have not moved for dismissal of either appeal, and both sides have abstracted and briefed the case on the merits on both appeals; the abstracts of record and briefs in both being identical. Appellants inform us that they took the second appeal and have briefed the case because uncertain which was legally the final judgment. So far as the merits of the case between plaintiffs and defendants are concerned, it is immaterial which judgment is treated as final. The case is here in either event, and those two appeals will be disposed of in one opinion. We state here, however, that for reasons which will be given in our opinion in Louise Niedringhaus et al., Appellants, v. William F. Niedringhaus Inv. Co. et al., Respondents, No. 29626, we have reached the conclusion that the judgment in case No. 29624 is the final judgment in the case, and that the circuit court was without jurisdiction to enter the purported judgment appealed from in case No. 29625; an appeal having been taken from the judgment first entered and the order granting appeal not having been set aside."

Respondents' ruling does not conflict with our opinion in transferring this cause to the St. Louis Court of Appeals; which cause is reported in 330 Mo. 1089, 52 S. W. (2d) 395, and in the opinion by RAGLAND, J., we said:

"For the purpose of determining such jurisdiction it is immaterial whether the final judgment in the case out of which the instant appeal grows was rendered at the October Term or the December Term, 1928, of the circuit court; and whether the effective appeal from such judgment was taken at the one or the other of said terms."

We, therefore, hold that the respondents, in ruling that the October judgment was the valid judgment, followed our last previous ruling on this question.

II. The relator contends that the ruling of the respondents that the circuit court, at a term subsequent to that at which the final judgment was rendered, was without authority to determine and allow the fees and compensations of the referee and stenographer upon the theory that to do so the court would change, alter or amend its judgment at a subsequent term to that in which final judgment was held, and that such holding conflicts with our decision in the

following cases: Padgett v. Smith, 207 Mo. 235, 105 S. W. 742; Little v. St. Louis Union Trust Company, 231 Mo. 208, 132 S. W. 691; State ex rel. v. Guthrie, 245 Mo. 144, 149 S. W. 305; State ex rel. v. Henson (Mo.), 217 S. W.. 17; Crawford v. Railway Co., 171 Mo. 68, 66 S. W. 350; and Niedringhaus v. Niedringhaus, 330 Mo. 1089, 52 S. W. (2d) 395.

In Little v. St. Louis Union Trust. Co., supra, the cause was certified to this court by the St. Louis Court of Appeals because one of the judges of that court thought that, while their opinion followed our last previous ruling, our opinion was an ill-considered one.. We held that we did not have jurisdiction because that court followed our last previous ruling, even though it may have been wrong.

In Padgett v. Smith, supra, a motion was filed in this court for the allowance of attorneys' fees for the services rendered by them in plaintiff's behalf in this court. We held that such a motion should have been made in the circuit court and dismissed the motion without prejudice.

In State ex rel. v. Henson, supra, we held that the court had authority to appoint a receiver, after an appeal had been granted to this court by both parties; that Section 2018, Revised Statutes 1909, gave the trial court that right because the cause was "pending" while it was waiting a trial on appeal.

In State ex rel. v. Guthrie, supra, after an appeal had been granted to this court, the trial court appointed a receiver to take charge of the property involved in the litigation. We held that: "Matters affecting the property in litigation, arising after the judgment and necessary to preserve the fruits thereof pending an appeal, are not beyond the jurisdiction of the lower court."

Respondents simply ruled that the circuit court, after the term at which a judgment has been entered, did not have jurisdiction to allow and tax such costs as require judicial investigation and determination. We do not think that the above decisions hold to the contrary and, of course, if they do not, the respondents' ruling is not in conflict with these opinions.

Nor do we believe that the case of Crawford v. Railway Co., supra, is an authority for ruling that the respondents' ruling contravenes that decision. In that case we said:

"Accordingly, we hold that the mere taking of the appeal from the order granting a new trial and filing the short transcript in this court did not deprive the circuit court of its original jurisdiction to make any and all proper orders to perfect its own record *during that term*, and as an incident of that jurisdiction it had the power to permit the cause to be revived in order to let the administrator file the bill of exceptions, already taken, when the administrator had appeared and asked to be subsituted and defendant appeared and

consented to the order of May 4, 1901, *all during the same term.*" (Italics ours.)

The relator claims that as his motion for an allowance of fees of the referee and stenographer was not passed upon at the judgment term, but was passed upon at a subsequent term, the trial court was merely perfecting its records. He cites the Crawford case as conflicting with the respondents' ruling. Assuming, without deciding, that the trial court was merely perfecting its records at the December Term, we do not see any conflict with the Crawford case because the trial court passed on relator's motion at a term of court subsequent to the judgment term. It is to be noted that in the Crawford case the records were perfected during the term at which the judgment was rendered. Therefore, there could be no conflict between these two rulings.

The relator contends that the respondents' opinion conflicts with our banc opinion (330 Mo. 1089, 52 S. W. (2d) 395) in this cause which we transferred to the respondents' court. He claims that because our opinion en banc held that the order taxing the fee of the referee was not involved in the appeal from the decree (that is the appeal on its merits) and the two appeals were independent of each other, that we decide that the referee's fee was not a component part of the judgment and, therefore, could be taxed after the judgment term. We did not so rule. We held that the judgment in the appeal, reported in 329 Mo. 84, 46 S. W. (2d) 828, did not involve the taxation of costs and that no question raised on this appeal was raised in the appeal from the decree; hence the appeals were independent of each other. In that opinion RAGLAND, J., for the court said:

"In the appeal from the decree, no question relating to the allowance or taxation of costs was in the remotest sense involved. [Niedringhaus v. Niedringhaus Invest. Co., 329 Mo. 84, 46 S. W. (2d) 828.] Neither is any question raised in this appeal which was embraced in the appeal from the decree. The two appeals are not only independent of each other, they are wholly unrelated. Each therefore stands on its own bottom so far as the question of appellate jurisdiction is concerned."

We held that in the form in which this appeal was taken it constituted for jurisdictional purposes a separate and independent appeal; therefore, as the amount involved in this appeal was less than $7500 this court did not have jurisdiction to decide the merits of these allowances.

Respondents contend that they followed our last previous controlling decision on this question and they cite us to the case of Burton v. Ry., 275 Mo. 185, l. c. 195, 204 S. W. 501, where WOODSON, J., speaking for the court said:

"Where the costs are definite and fixed by statute, the clerk in the

first instance is by law required to tax the costs of the case, which of course is purely a ministerial duty, and when the court is requested to review the clerk's action in that regard, it is exercising a similar duty, simply correcting errors made by the clerk in trying to obey the statutes; but not so in regard to the taxation of costs which requires judicial investigation and determination. In such a case the clerk has no authority whatever to act, except as ordered by the court; in that case the court alone can order the costs taxed or retaxed, which must be done upon judicial investigation and determination, and must be done during the term of the court at which final judgment in the cause is rendered, for it is elementary that with the lapse of the term at which the final judgment is rendered the jurisdiction of the court over the cause ceases."

Respondents also rely upon the case of State ex rel. O'Briant v. Ry., 176 Mo. 443, 75 S. W. 636, where Fox, J., speaking for the court said:

"The section of the statute, 9378, Revised Statutes 1899, which provides for the taxing of fees of the attorneys for services rendered in obtaining the judgment for taxes, requires the court to judicially ascertain before the amount is taxed, as to what would be a reasonable amount for the services performed. The amount to be allowed for such services was not ascertained and taxed at the term of court in Schuyler County at which the final judgment was rendered in the original tax proceedings, nor was it attempted to be taxed at the term of this court in which such judgment was affirmed, and we are clearly of the opinion, in view of the adjudications on that subject, that it cannot be done, as is sought by this motion to do, taxed three years after the final judgment was rendered, of which the attorneys' fees formed a component part."

The respondents also contend that their opinion is in conformity with Berberet v. Berberet, 136 Mo. 671, 38 S. W. 551; Jackson v. Ry. Co., 89 Mo. 104, 1 S. W. 224; and Ladd v. Couzins, 52 Mo. 454, where we held that where a judicial determination as to the amount of costs to be allowed must be made, it must be done at the term in which the judgment was rendered so that it would become a component part of the judgment. The respondents in their opinion in this case said:

"It seems to be firmly settled in this State that all costs which require the judicial discretion and determination of the court must be presented to the court at the term at which the judgment is entered, and that at the close of such term such judgment is no longer subject to the action of the court, and consequently it has no jurisdiction at a subsequent term to allow such costs as require its judicial judgment and determination. The cases cited in the divisional opinion fully sustain this doctrine."

We believe respondents followed Burton v. Ry., supra, our last previous ruling on this question.

From the views herein expressed we deem it unnecessary to pass upon the respondents' motion to dismiss this writ.

We believe that our writ, which was improvidently issued, should be quashed. It is so ordered. All concur.