STATE OF MISSOURI, EX REL., A. F. STANLEY, RESPONDENT, v. AMERICAN SURETY COMPANY OF NEW YORK, A CORPORATION, APPELLANT.— — S. W. (2d) —.

Springfield Court of Appeals.   March 1, 1937.

*Edward F. Sharp* for appellant.

*J. V. Conran* and *Ward & Reeves* for respondent.

SMITH, J.—This is the third time this case has been before this court. The cause was reversed and remanded when here the first time. None of the issues involved in this hearing was passed on then. We remanded the case solely on the ground that we thought the trial

court erred in not granting time for the defendant to plead after the plaintiff had amended the petition. [See 80 S. W. (2d) 260.]

The case was again tried, and appealed to this court. We wrote an opinion upon the case in the second appeal. A motion for rehearing was filed, which motion was sustained, and the case was reargued, and it is again here for determination.

The respondent contends that some of the issues here were determined, by implication at least, when the case was before us at the first hearing. We do not so understand it, and we shall undertake to consider the issues involved in this hearing as if this were the first appeal.

This suit being one on an attachment bond, was instituted in the Circuit Court of New Madrid County, on the 7th day of December, 1933, and from thence went on a change of venue to Scott County, where the case was tried at the March term, 1934, of that court. After the case was remanded by us it was again tried in Scott County and a judgment rendered for the plaintiff on August 27, 1935.

This is an action to recover certain fees claimed by A. F. Stanley, relator, to be due him as sheriff for guarding property attached in a case entitled Clyde W. Drew v. Southern Dredging Company. The defendant herein was surety of plaintiff Drew on the attachment bond issued in said case. Drew was successful in the attachment suit, the attachment being sustained and judgment rendered against defendant therein, Southern Dredging Company, for a sum in the excess of Five Thousand Dollars. Final judgment was rendered in said cause on the 10th day of November, 1932, and the court finally adjourned its September term on that date.

The petition in this case, which is very long, charges as follows:

1. June 4, 1931, Drew began suit by attachment against the Southern Dredging Company, a corporation, under which certain property was attached, consisting of a dredge boat with all its machinery and equipment.

2. That acting under the writ issued June 4, 1931, and until December 31, 1932, the property was guarded by relator, for which he claims $5 per day amounting to a total of $2882.

3. That an order of the Circuit Court of New Madrid County, Missouri, was made allowing certain fees to petitioner which order was filed November 29, 1932. The certified copy of this order attached to the petition marked "Exhibit A" was an order made in vacation. Also another order is alleged to have been made allowing the same fees on October 6, 1933. This was shown by "Exhibit B" attached to the petition.

4. The petition alleges that the plaintiff, A. F. Stanley, served two attachment writs in said cause for which he is entitled to $2 for service and $6 for mileage, and also $1 for serving a summons, making a total of $9.

5. The petition next alleges that the term of the Circuit Court at which the fees for guarding such attached property were earned has long since expired, to-wit, on April 9, 1933, and that a fee bill was issued against defendant, Southern Dredging Company.

6. That on the 16th day of October, 1933, another similar fee bill was issued, both of which were returned *nulla bona.*

7. The petition next alleges Drew to be a non-resident of the State and insolvent.

8. The petition next states that in the attachment suit final judgment was entered for the plaintiff Drew, and against the defendant on November 10, 1932, and that the property attached has long since been sold by the sheriff of New Madrid County under the direction and order of the Circuit Court of New Madrid County.

9. The petition next alleges the bond and refers to an attached copy and alleges a breach thereof, then prays for judgment against the defendant for the sum of $23,000 the penalty of said bond, and that execution issue for the aggregate sum of $2882 with interest thereon at six percent from the date of filing suit.

To this petition defendant filed a demurrer, the principal grounds of which were that the petition did not state facts sufficient to constitute a cause of action against defendant and, secondly, that the petition on its face showed that on the facts pleaded, plaintiff was not entitled to recover.

After the demurrer above mentioned was filed, the plaintiff amended his petition by striking a paragraph out of the petition, and inserting therein another paragraph.

This paragraph stricken out is as follows:

"Relator further states that in said attachment suit, as aforesaid, a final judgment was entered therein for the plaintiff and against the defendant therein (on November 10th, 1932) and that said property so attached, as aforesaid, has long since been sold and disposed of by the Sheriff of New Madrid County, Missouri, under the direction and order of the Circuit Court of New Madrid County, Missouri."

The paragraph inserted in the petition by amendment thereof is as follows:

"Relator further states that on November 10, 1932, a judgment on the merits in said attachment suit was rendered in favor of the plaintiff and against the defendant (and the defendant took and was allowed an appeal from said judgment on the same day to the Springfield Court of Appeals and said appeal is still pending and undisposed of) ; and that on the 16th day of May, 1932, the Tampa Shipbuilding & Engineering Company, a corporation, filed its interplea in said attachment suit, claiming and asserting title to and the right of possession of all the property described as aforesaid, and said interplea is still pending and undisposed of in said cause, and that said

property so attached and claimed as aforesaid by said Interpleader was on July 14th, 1933, upon the application of the plaintiff in said attachment suit sold by the Sheriff of New Madrid County, Missouri, and report thereof made to the September Term, 1933, as ordered, directed and authorized by the Circuit Court of said New Madrid County.''

The court overruled the demurrer, and the defendant filed its motion to strike out the above mentioned amendment to the petition, and to strike out the petition as amended for the reason that the amendment constituted a departure and a change in the cause of action upon which plaintiff had filed his original petition, the change being that by the amendment plaintiff sought to recover for fees claimed to have been earned in the interplea filed by Tampa Shipbuilding & Engineering Company against Clyde W. Drew, in which interplea the Tampa Shipbuilding & Engineering Company claimed the property attached by Drew in his attachment suit against Southern Dredging Company, instead for the costs claimed to have been earned in the original suit of Clyde W. Drew v. Southern Dredging Company. This motion the court also overruled.

The ''Exhibit A'' above referred to, is as follows:

''Clyde W. Drew Company, plaintiff

''vs

''Southern Dredging Company, a corporation, Defendant.

''COURT ORDER

''IN VACATION

''It appearing to the Court that A. F. Stanley, Sheriff of New Madrid County, Missouri, has necessarily kept a deputy Sheriff in charge of the attached property herein, day and night, from date of attachment, and it is therefore ordered that said A. F. Stanley, Sheriff of New Madrid County, Missouri, be allowed the sum of four ($4.00) dollars per day for the services of said deputy sheriff; and it is further ordered that said A. F. Stanley, Sheriff of New Madrid County, Missouri, be allowed the sum of one ($1.00) dollar per day for the board of said deputy sheriff; and that said allowance be made from date of attachment; and the same is ordered to be taxed and paid as costs herein.

''JOHN E. DUNCAN,

''Judge of Circuit Court.

''Filed Nov. 29, 1932.

''Burl E. Underwood, Circuit Clerk,

''By Geraldine DeLisle, D. C.''

The "Exhibit B" above referred to is as follows:
"IN THE CIRCUIT COURT OF NEW MADRID COUNTY, MISSOURI
"FRIDAY, OCTOBER 6th, 1933
"14th DAY OF THE SEPTEMBER TERM, 1933
"IN THE CIRCUIT COURT OF NEW MADRID COUNTY, MISSOURI
"SEPTEMBER TERM, 1933
"Clyde W. Drew,..............Plaintiff,
"vs                                                    No. 9254
"Southern Dredging Co., a
"Corporation, .............. Defendant

"It appearing to the Court that A. F. Stanley was the duly elected qualified and acting sheriff of New Madrid County, Missouri, up to January 1st, 1933, and for the four year term preceding that date, and that, as such sheriff, during his term of office, at the request and instructions of the plaintiff herein, he necessarily kept a deputy sheriff in charge of the attached property herein, day and night, for a period of 577 days and nights, and that he boarded the said deputy sheriff for a period of 565 days, and it further being shown to the Court that heretofore, by order of record, the Court fixed the compensation of the (said) sheriff at $4.00 per day for the services of the said deputy sheriff and a further sum of $1.00 per day for his board, all to run from the date of the attachment herein, it is ordered therefore by the Court that the said A. F. Stanley, as the sheriff aforesaid be allowed the sum of $4.00 per day for 577 days, or a total of $2,308.00, and that he be allowed the further sum of $1.00 per day for 565 days, or a total of $565.00, all of which the Court finds to be a reasonable and just charge for the services rendered by the said sheriff in this attachment; and it is further ordered that the said A. F. Stanley be allowed the total sum of $2,873.00 as enumerated above, and that the said allowances be taxed and paid as costs herein.

"JOHN E. DUNCAN
"Judge, New Madrid County
"Circuit Court.

"Filed October 6, 1933,
"Burl E. Underwood,
"Circuit Clerk."

The above steps were all taken prior to the appeal as reported in 80 S. W. (2d) 260.

After the case had been remanded, defendant filed first a demurrer which demurrer being overruled defendant filed a motion to strike out part of the amended petition, which motion being likewise overruled defendant filed an answer and counterclaim. This answer and counterclaim substantially alleged first, a general denial, second, a further answer setting up failures of consideration in that plaintiff failed to properly guard and care for the property in his charge alleging certain itemized damages as the result of such failure to properly

guard and care for the property in his charge in the sum of two thousand six hundred ten dollars ($2610) and prayed judgment for that amount. Third, further alleged that the fees charged in plaintiff's bill are excessive, and fourth, setting up the specific defense that the Circuit Court of New Madrid County was without authority to make allowance of the fees claimed to have been allowed by it for the reason that final judgment in said cause had been rendered on the 10th day of November, 1932, and that the court adjourned without day on that date and an attempted allowance of fees in the case thereafter was beyond the power of the court.

Plaintiff then filed a motion to strike out paragraph two and three of the answer, which motion to strike was by the court sustained. The paragraphs stricken out are in words and figures, as follows:

"II"

"And for another and further and different answer to the petition of plaintiff filed herein defendant says that Relator, A. F. Stanley, acting in pursuance of the attachment writ issued in the case of Clyde W. Drew Company vs. Southern Dredging Company did seize upon and as such official attach and take into his possession the following described property as described in Relator's petition herein, as follows, to-wit:

"'One certain Dredge boat named Atlanta, together with all machinery and equipment thereof and located near Point Pleasant, Mo., in LeSieur Township, New Madrid County, Missouri.'

"And defendant says that although in said writ required to save and safely keep and retain and protect the possession of the above described property, said A. F. Stanley, did not as required by law safely keep, protect and retain possession of said property, but on the contrary he attempted to place in possession of said property one of his Deputy Sheriffs, by the name of H. S. Dunn, and that the said Sheriff through his said Deputy did not safely guard and retain possession of the said property but on the contrary did not guard said property, did not stay there at all times and did frequently leave and be gone for days at a time, during all of which time said property was left without protection and that while said property was thus unprotected and supposedly in the care and protection of said A. F. Stanley, Relator herein, sundry and various articles of large value were stolen from said dredge boat Atlanta, consisting of part of the equipment thereof and part of the machinery thereon, said equipment and machinery so stolen and lost through the negligence of the Relator herein, being as follows:

"Fifteen (15) Certain Mattresses of the value of
$10.00 each ............................................$   150.00
    "Thirty (30) quilts of the value of $2.00 each ........    60.00
    "Other bedding equipment consisting of pillows, sheets
and blankets all of value of .............................    50.00
    "One complete blacksmith shop and equipment with the
same and consisting of anvil, forge, tongs, ranges, dies and
other equipment used therewith and with said dredge, of the
value of ............................................... 1,250.00
    "One main drive belt of endless construction made of built-
up hides of the value of ................................. 1,000.00
    "One lot of kitchen equipment consisting of dishes, cooking
utensils, etc. of the value of ...........................    25.00
    "Total ...........................................$2,610.00
all of which said above described property was lost to the plaintiff
in said attachment suit by reason of the gross carelessness and neglect
of Relator herein in failing to properly guard, protect and keep the
said attached property.

"And by reason of which said property sold for an insignificant
sum and for a sum insufficient to pay the said judgment and costs,
same, selling after said property so removed had been taken therefrom
for the insignificant sum of $300.00."

"WHEREFORE, Defendant prays judgment against relator in
the sum of Fifteen Hundred Thirty-five and no-100 Dollars ($1,535)
the value of the said property so lost and for the costs in this behalf
expended.

## "III"

"And for another and further and different answer to the petition
of the Relator filed herein, defendant says that the attempted charges
of Four Dollars per day as compensation for Deputy hire and further
charge of One Dollar per day for board during the alleged period
said Deputy served was unjust, unreasonable and exorbitant. During the period covered by said attachment large numbers of men were
out of work and seeking employment and competent, able and thoroughly qualified men to have guarded said boat could have easily
been obtained at and for the compensation of not exceeding One
Dollar per day and that the attempted charge of Five ($5.00) Dollars
per day during said period of time was simply performing the
duties of a guard or custodian of said boat was unreasonable and
unjust and should not be allowed.

"WHEREFORE, Defendant having again fully answered prays
that plaintiff's petition herein may be dismissed and defendant have
and recover of and from the Relator its costs in this behalf expended."

The case was then submitted to the court, without a jury, upon the
petition as amended and the answer as stricken.

The answer, with the paragraphs stricken, consisted first of an

admission of defendant's incorporation under the laws of New York, and licensed to do business as a surety company in the State of Missouri, and second of a general denial. The answer concluded as follows:

"And for another further and different answer to the petition filed herein, defendant says the Circuit Court of New Madrid County, Missouri, rendered its final judgment in the case of Clyde W. Drew vs Southern Dredging Company on the 10th day of November, 1932, and that in said judgment the court found in favor of the plaintiff, Clyde W. Drew and against defendant, Southern Dredging Company in the sum of $5,317.47 and also in said judgment specifically allowed certain costs assessed for the services of the referee in said cause and of the stenographer for reporting said cause, but did not render any judgment making any allowance to Relator herein for any fees but did allow the costs generally to be assessed against defendant, Southern Dredging Company and defendant says that the term at which said final judgment was rendered expired on the 10th day of November, 1932, said court on that day adjourning without day. And defendant says that the attempted orders pleaded in its petition, to-wit, the vacation order attached to said petition as Exhibit A and the order claimed to have been made on the 6th day of October, 1933, were and are wholly and totally void for the reason that the said court had no jurisdiction to make such orders; that when the court adjourned on the 10th day of November, 1932, jurisdiction in said cause was wholly lost to said court and no power whatever remained in said court to alter, modify or change said judgment whatsoever. That a true and correct copy of the said judgment rendered on November 10, 1932, is hereto attached and marked Exhibit A and is by this reference made a part of this answer.

"And defendant further says that the said so-called fee-bills set up in plaintiff's petition herein and claimed to have been issued by the Circuit Clerk of New Madrid County, Missouri, were issued without authority at law and without the authority of a judgment authorizing the issuance of said fee bills; that the costs in this case of Clyde W. Drew vs. Southern Dredging Company were by the court ordered assessed against the defendant and such judgment afforded no basis whatever for the Clerk to issue a fee bill against Clyde W. Drew, the plaintiff, and said fee bills were and are totally void and of no effect.

"WHEREFORE, having again fully answered, defendant prays that he may go hence and recover of and from plaintiff its costs in this behalf expended.

The "Exhibit A" referred to in and attached to the above answer is in words and figures following:

"Now on this 10th day of November, 1932, this cause having previously been submitted to the Court upon the exceptions filed herein by the defendant and by the Court taken under advisement and now

the Court having heard and considered the same and being now fully advised in the premises doth order that defendants said exceptions to the report of said Referee be and the same are hereby overruled.

"THEREUPON, It is ordered by the Court that the report of the said Referee, I. L. Parrett, filed herein on the————day of ———— 1932, be, and the same is hereby approved and confirmed; and it further appearing to the Court from the said report that said Referee has recommended that judgment be rendered in favor of the plaintiff upon all the issues joined herein and against the defendant in the sum of Five Thousand Three Hundred Seventeen and 47-100 ($5,317.47) Dollars and the costs of this action, and that nothing be allowed defendant on its counter-claim herein.

"And it further appearing to the Court that the referee has spent twenty (20) days in the hearing and preparation of his Report herein, it is ordered that said Referee be allowed the sum of Two Hundred Dollars ($200.00) for his services and the sum of Ninety-two and 50-100 ($92.50) Dollars for the services of a stenographer, Miss Marie Lamb, and the same is ordered to be taxed and paid as costs herein.

"It is therefore considered, ordered and adjudged by the Court that the plaintiff do have and recover of said defendant the sum of Five Thousand Three Hundred Seventeen and 47-100 ($5,317.47) Dollars, being the amount of the judgment as recommended by the Referee herein, together, with all of the costs accrued and to be taxed herein, and that plaintiff have execution therefor."

Upon the issues thus made the case was tried to the court, without a jury, and resulted in a judgment on August 27, 1935, for the plaintiff and against the defendant in the sum of $3,179.80, with costs, and that said judgment draw interest at six percent. From this judgment the defendant appealed.

The plaintiff filed with us an additional Abstract of the Record in this case, and from this with the Abstract of the Record filed by the defendant we obtain the history of this long drawn out case to be as follows:

The original attachment suit of Clyde W. Drew v. Southern Dredging Company was filed June 4, 1931, and the property was attached on that day. The property was held and guarded by the sheriff and his deputy until judgment was rendered for plaintiff on November 10, 1932, and thereafter until it was sold under order of the court on July 14, 1933. On May 16, 1932, prior to the date of judgment on the attachment suit, the Tampa Shipbuilding and Engineering Company filed its interplea in said attachment suit claiming and asserting title to and the right to possession of all the property attached. The record before us does not show that the interpleader proceedings were ever tried up to the date of the appeal in the instant case. The record clearly shows that Drew obtained judgment against the Southern

Dredging Company on November 10, 1932, and that date was the final day of that term of the Circuit Court.

The record fails to show any objections or questions as to trying the case on the merits and on the attachment before the determination of the interplea.

The record shows that on January 17, 1933, more than two months after the judgment on the attachment suit and the merits, and at a later term of court, there was filed in the Circuit Court a stipulation signed by attorneys for Clyde W. Drew and attorneys for the interpleader in which it was agreed "that the issues on the interplea herein may be continued by consent until the next regular term of this court." The next regular term of that court was in May 1933.

At the May term 1933, the plaintiff in the original suit, Clyde W. Drew, filed with the court a written application for an order to sell the attached property because of the expenses of keeping and guarding the property. This application to sell asked that the property be sold for cash in hand and that the funds received from said sale be held by the sheriff subject to the orders of the court. This application to sell was filed July 1, 1933. On July 1, 1933, the court made an order upon the then sheriff, of New Madrid County to sell said attached property, first giving ten days notice of the time, terms and place of sale, describing the property to be sold. In compliance with this order the property was sold on July 14, 1933, and a report of said sale was filed with the Circuit Court at the September Term, 1933. It is shown that the caption for the application for the sale of the property as well as the caption in the order of sale named all the parties, that is, Clyde W. Drew, plaintiff, Southern Dredging Company, defendant and the Tampa Shipbuilding and Engineering Company as interpleader.

The motion to tax the fees of A. F. Stanley for guarding the property was filed with the Circuit Court on September 28, 1933, and at the same term of court, on October 6, 1933, the court sustained the motion and fixed his fees at five dollars per day, being four dollars per day for guarding the property and one dollar per day for board for the deputy who did the guarding.

The instant suit is based upon the attachment bond given by Clyde W. Drew when he started his attachment suit. The condition of that bond, signed by the defendant in this suit, is as follows:

"Now, Therefore, if said plaintiff shall prosecute his action without delay and with effect, refund all sums of money that may be adjudged to be refunded to the defendant and found to have been received by plaintiff and not justly due him and pay all damages and costs that may accrue to any defendant, garnishee or interpleader by reason of the attachment, on any process or proceeding in the suit, or by reason of any judgment or process therein and pay all costs that may accrue to any Sheriff or other Officer by reason of of acting under the

writ of attachment, following the instructions of plaintiff, then this obligation to be void, otherwise to remain in full force and effect.''

Further summarizing the facts in this case we find, that under the prong of the original attachment suit, the suit was filed and the property attached on June 4, 1931, and the property on that date was taken in charge by the sheriff. The attachment suit was continued or passed several terms of court until November 10, 1932, when a judgment was rendered on the merits of Drew's suit, and sustaining the attachment. On September 28, 1933, there was a motion to tax cost which was filed. This motion was sustained and order made on October 6, 1933.

On May 16, 1932, the interplea was filed. The record fails to show any action under the interpleader proceedings until after the judgment in Drew's attachment suit. On January 17, 1933, a stipulation signed by the plaintiff and interpleader, by their attorneys, that the hearing on the interplea should be continued to the next term of court. On July 1, 1933, there was a petition filed asking for the sale of the property; this petition was sustained and the order of sale was made, and the property was sold July 14, 1933.

It is to be seen that the most of the proceedings in these cases were had in the interpleader proceedings, and all of them, except filing of the interplea, were filed and the orders thereon were made after the final judgment in the attachment suit and after judgment on the merits. There is no question about these facts. We wonder why the plaintiff in the attachment suit did not have an execution issued and sell the property. The plaintiff in this suit does say that there was an appeal to this court taken in the original attachment suit after judgment on November 10, 1932. The defendant asserts that no appeal was taken. We take judicial notice that no such appeal has ever reached this court. At any rate it is a complicated situation. Both sides to this litigation say that they are unable to find another case just on all fours with the instant case.

The plaintiff here is basing his right to recover on the court order made October 6, 1933, nearly a year after final judgment in the attachment suit. The appellant says that such a court order was void, therefore the plaintiff's suit now before us must fail.

There is no question but that the defendant in this suit signed the attachment bond, and that under the writ of attachment A. F. Stanley, as sheriff, served the writ and took charge of the dredge boat and the equipment and held the property attached up to November 10, 1932, the date of judgment, and up to and including December 31, 1932, the date of the expiration of his term as sheriff.

We are convinced that the sheriff cannot be held responsible for the delay in trying the case, and we are just as sure that the sheriff should have had pay for his services for guarding and caring for the property. The only question that bothers the writer of this opinion

is whether the plaintiff has pursued the proper course in seeking his relief.

The defendant presents his case here under several assignments of error. The first three of them go directly to the point, as to the binding effect of the order of the court allowing the claim of the plaintiff. The defendant contends that such an order as Exhibit A wherein the court made an order in vacation allowing these fees is void because made in vacation. The contention is also made, that Exhibit B is void because it being a judicial order fixing costs, and was not made at the term of court in which the principal judgment was rendered, but was made at a later term of court. As we understand it now the plaintiff is not basing his claim to any rights under the vacation order designated as Exhibit A. His whole claim is based upon his contention that he has a right to recover, under the above mentioned Exhibit B which is the court order made October 6, 1933, practically nine months after the judgment rendered on November 10, 1932. His suit although purporting to be on the attachment bond, is based on the court order of October 6, 1933, which order was not at the judgment term, nor at the next succeeding term, which might have been considered as the return term for the execution after the judgment term, but the order was made during a still later term.

We have been cited several cases by both sides in this litigation, many of them not helpful as we read them. There is one case cited by appellant, which was before the St. Louis Court of Appeals, Neidringhaus et al. v. Neidringhaus Inv. Co., 54 S. W. (2d) 79, 81, and later upon being certified was before the Supreme Court, State ex rel., Williams v. Daues et al., 66 S. W. (2d) 137, which we think sustains the defendant's contention here, that the court order made on October 6, 1933, was void and of no effect because made after the adjournment of the term at which the judgment was rendered. And in this case it was made after the end of the return term of any execution that was made at the judgment term of the suit. We think we are bound to hold, under the rule expressed in the Neidringhaus case that the court order of October 6, 1933, was void. As we read that case we have no other discretion. And we think the trial court in this case had no other discretion except to sustain the defendant's demurrer as to that part of the case. We are basing this conclusion solely on the Neidringhaus case *supra*, with the holdings of other cases cited in that opinion by the Supreme Court. We do not want to be understood as holding that the sheriff, A. F. Stanley is completely barred from collecting his costs from the surety on the attachment bond, and our conclusions herein are not to be considered as a bar to any legal proceedings that he may have to make this collection. And we are not passing on here the right of the defendant to file a proper counterclaim against plaintiff's claim. We are simply holding that the part of plaintiff's claim based upon the court order of October 6, 1933, is void under this proceeding, and that

the court erred in not sustaining the defendant's demurrer to the evidence under that part of the case.

It is our conclusion that the judgment should be reversed and the cause remanded with directions to the trial court to sustain defendant's demurrer to all of the plaintiff's claim except the items aggregating $9, mentioned in our statement of the case. It is so ordered. *Allen, P. J.*, concurs; *Fulbright, J.*, not sitting.