Helen R. HUBER, Glick Real Estate Company, a Corporation, and Eugene Glick, Plaintiffs, Respondents,

v.

Solon GERSHMAN and Solon Gershman Realtors, Inc., a Corporation, Defendants,

Solon Gershman Realtors, Inc., Defendant and Third-Party Plaintiff, Appellant,

Hope Komm and Blanche Komm, Individually and as Executrix of the Estate of David R. Komm, Deceased, Third-Party Defendants.

No. 45490.

Supreme Court of Missouri,

Division No. 2.

March 11, 1957.

Motion for Rehearing and to Modify Opinion Denied April 8, 1957.

502

Chapman, Schwartz & Chapman, Adolph K. Schwartz, St. Louis, for appellant.

Charles C. Allen, Jr., St. Louis, Kerth, Thies & Schreiber, Clayton, for respondents, Allen & Allen, St. Louis, of counsel.

BOHLING, Commissioner.

Helen R. Huber, Glick Real Estate Company, a corporation, and Eugene Glick, as purchasers, sued Solon Gershman and Solon Gershman Realtors, Inc., a corporation, real estate brokers, to recover $2,500 earnest money deposited with the corporate defendant in connection with the purchase of what is known as the Ivanhoe Theatre in the City of St. Louis, from Hope Komm, Blanche Komm and David Komm, the owners and sellers. Later, the name of the corporate defendant was changed to Solon Gershman, Inc. Solon Gershman was the president of the corporate defendant. At the close of plaintiffs' case a motion for a directed verdict in favor of Gershman, the individual, was sustained. The corporate defendant joined its principals, the owners, as third-party defendants, praying for a judgment over against the principals for any sum plaintiffs might recover against said defendant. A trial to the court, all parties participating, resulted in a judgment in favor of plaintiffs and against the corporate defendant for $2,808.30, and a judgment in favor of the corporate defendant and against the third-party defendants for $1,938.34. Thereafter the corporate defendant's motion for new trial was overruled, but the motions of the third-party defendants for new trial were sustained. An appeal by the corporate defendant was dismissed as premature. Huber v. Solon Gershman Realtors, Mo.App., 263 S.W.2d 858.

Upon the trial of the corporate defendant's third-party petition before a jury a final judgment was entered for plaintiffs against the corporate defendant for $2,808.-30, and for the corporate defendant against the third-party defendants, Hope Komm and Blanche Komm, individually and as executrix of the estate of David R. Komm, deceased, for $1,250 in accord with the verdict. (David R. Komm died in September, 1951.) The corporate defendant appealed.

The St. Louis Court of Appeals, all of the judges concurring, see 286 S.W.2d 558, 562, reversed the judgment in favor of plaintiffs and against the corporate defendant on the theory that one who represents himself as an agent that he may secretly buy for his own profit cannot obtain relief at law or in equity, and the sum in the hands of the corporate defendant over the amount due said defendant was the property of the owners and not plaintiffs. The court also reversed the judgment in favor of the corporate defendant and against the owners for the reason the claim of the corporate defendant against the owners was conditioned solely on the premise the corporate defendant was liable to the original plaintiffs.

Upon the overruling of plaintiffs' motion for rehearing or to transfer to the Supreme Court on February 23, 1956, one of the judges withdrew his concurrence, filed a dissenting opinion and dissented to the overruling of plaintiff's motion. On March 6, 1956, and prior to the issuance of any mandate by the Court of Appeals, the dissenting judge modified his opinion of February 23, 1956, by stating he considered the majority opinion to be in conflict with certain cases of this court, and requested that the case be certified here for final determination; and, on said date, in a Per Curiam filed the cause was ordered transferred to this court for final determination. See 286 S.W.2d loc. cit. 563.

█ The corporate defendant filed a motion to retransfer the case to the Court of Appeals, the burden of its contention being that, on March 6, 1956, the dissenting

judge and the Court of Appeals had no authority to modify the dissenting opinion and certify the case to this court for final determination, and that the majority opinion was not in conflict with the opinions mentioned in said dissenting opinion. This motion was overruled by this court April 9, 1956. The point is renewed in a brief filed here on September 18, 1956. The issue was correctly ruled on April 9, 1956. The mandate of the Court of Appeals had not been issued and the order is presumed to have been entered dispassionately and judicially. Consult Mo.Const.1945, Art. V, § 10, V.A.M.S.; State ex rel. Berkshire v. Ellison, 287 Mo. 654, 230 S.W. 970, 972 [10]; Gary Realty Co. v. Swinney, 317 Mo. 687, 297 S.W. 43; Schmohl v. Travelers' Ins. Co., Mo., 197 S.W. 60; Reimers v. Frank B. Connet Lumber Co., Mo., 273 S.W.2d 348 [3]; Section 477.030 RSMo 1949, V.A.M.S.; 42 V.A.M.S. Supreme Court Rule 2.06. In corporate defendant's case of Little v. St. Louis Union Trust Co., 231 Mo. 208, 132 S.W. 691, the dissenting opinion per se disclosed the certification was improper

The case is unusual on the merits. A seller agrees that a purchaser does not have to perform his contract to purchase and, seemingly, they seek to deprive the broker of his commission. The issues are more of fact than of law.

The property was under lease to the Ivanhoe Theatre Corporation, a corporation, and payment of the rent, due on the 28th day of each month, was guaranteed by an agreement signed by Bess Schulter, who, as president, executed the lease for said lessee. All property and furniture of the lessee upon said premises was pledged for the payment of the rent.

Louis Jablonow, son-in-law of Hope Komm, collected the rents. He, acting for the owners, listed the property for sale for $55,000 with the corporate defendant. A Mr. Shepard, a salesman with plaintiff Glick Real Estate Company, of which Nathaniel Glick was president, discussed the property with Gershman. At Shepard's request, Gershman secured the lease, including the guaranty, from Jablonow and delivered them to Shepard. Glick had been in the real estate business for many years. He, through Shepard, submitted two written offers, practically identical, to purchase. The first, dated September 18, 1950, to purchase for $50,000 was rejected. The second, dated September 27, 1950, to purchase for $52,500 was executed by the owners. A $2,500 earnest money deposit was placed with the corporate defendant. Each offer to contract was signed by Helen R. Huber, a secretary for the Glick Real Estate Co. and a straw party, as purchaser. The contract provided for closing on November 15, 1950, and for dividing the commission, $2,500, equally between the corporate defendant and Glick Real Estate Co. Glick testified that Glick Real Estate Co. and Eugene M. Glick, his son, were purchasing together, a one-half interest each.

Gershman did not know who Shepard represented. He did not know Helen R. Huber. Gershman testified that the Glick Real Estate Co. advertised the property for sale, and later Eugene Glick told him "they bought it" and would take a profit if Gershman had a purchaser. This is not denied. It was the first information Gershman had that Helen R. Huber was not the purchaser.

Glick testified that about November 1, 1950, he was informed the rent was in default and the guarantor was disclaiming liability. About November 11 or 12, 1950, Glick called Gershman, gave him the above information, told him: "I was not going to close the deal," and demanded the return of "my earnest money." Glick did not say how much rent was in arrears. This was the first information Gershman had of a default in any rent or of the guarantor disclaiming liability. Gershman communicated this information to Jablonow, who said there was nothing wrong with the transaction and they, the owners, were going through with it.

Plaintiffs' witness Meyer Blocher, attorney for Bess Schulter, testified he learned in September, 1950, there had been a default in the payment of the rent, and that his client was denying liability under the guaranty agreement because, as we read his testimony, the guarantor had never been notified of any default by the lessee. Bess Schulter's guaranty expressly provided: " * * * I will well and truly pay the said rent or any arrears thereof that may remain due unto said * * * [naming the owners, their heirs, et cetera, and assigns] without requiring notice of any such default from said landlords."

Soon after November 15, 1950, Bess Schulter, the guarantor, purchased the property for the same price, $52,500, and paid the rent.

Plaintiffs' witness Jablonow testified he did not know whether the rent was in default when the contract of sale was executed, but that there was unpaid rent at the time set for closing.

Blanche Komm, widow of David Komm, testified her husband was a "very personal friend" of Glick; that when Gershman brought the contract to their home to be signed, her husband asked Gershman if he had told Glick there was a rent delinquency and Gershman said he would take care of it. Gershman testified that Blanche admitted him to the home and called David; that she was dressing and went into another room; that David came into the room where he was; that the conversation Blanche testified to never occurred; that David signed the contract and called Blanche; that she came in and, at David's direction, signed the contract under his name and went back to finish dressing. Blanche Komm testified that her connection was the execution of the contract; that Glick was the purchaser, but upon being shown the contract stated Helen Huber was the purchaser; that they found out right after the execution of the contract that Glick was the purchaser; that Helen Huber wasn't the purchaser; that she didn't know Glick was buying through a straw party; that Glick's name was not on the contract but upon being shown the contract stated it appeared as agent; that she doesn't "know now" that Nate Glick or Eugene Glick or the Glick Real Estate Co. were the real purchasers.

Plaintiffs' trial petition charged that Gershman, on behalf of the corporate defendant, fraudulently represented that the rents were paid and were guaranteed by a substantial guarantor. Plaintiffs failed to prove any fraudulent representations and at the close of their evidence secured leave to amend their petition and submit their case on the theory there was no meeting of the minds and, consequently, no valid contract. This was upon the premise that Glick would not have purchased had he known the rents were in default and Blanche Komm's testimony that her husband wanted Glick to know this.

■ As indicated hereinafter, the effect of plaintiffs' position would avoid the provisions of the contract. This requires strong and convincing evidence. Bross v. Rogers, Mo., 187 S.W. 38, 39 [4]. Aside from other possible grounds and notwithstanding the findings of the trial court, we hold the testimony of Blanche Komm with respect to David Komm's statements to Gershman does not carry sufficient probative weight to establish said fact upon a consideration of the instant record; that the testimony of several witnesses that they "learned" rent payments were in default does not establish the circumstances under which they secured this information; was plain hearsay as regards the fact of default in some instances and in other instances failed to establish that the fact of default was not hearsay. Plaintiffs' witness Jablonow, the rent collector and the only witness who had actual knowledge, stated "they paid their rent" and he did not know that any rent was in default when the contract was executed. The guarantor's agreement expressly waived notice of any default on the part of the principal. In addition, the contract provided: "This is the entire contract and neither party

may be bound by representations as to value or otherwise". See Isaac T. Cook Co. v. Craddock-Terry Co., Mo.App., 109 S.W. 2d 731, 735 [10, 11]. The holding of the Court of Appeals that a valid contract had been executed was correct.

The corporate defendant was entitled to its commission. Knisely v. Leathe, 256 Mo. 341, 374, 166 S.W. 257, 266; Chamberlain v. Amick, Mo.App., 210 S.W.2d 528, 530 [1–4]; Axsom v. Thompson, 239 Mo.App. 732, 197 S.W.2d 326, 331 [5, 6].

■ Blanche Komm testified they did not want the earnest money forfeited. Jablonow testified Hope Komm did not want the earnest money forfeited. There was testimony for plaintiffs that because of the sale to Bess Schulter Gershman was told to return the $2,500. Gershman did not recall this, and no one authorized him in writing to return it or any part of it. Plaintiffs contend the purchasers and sellers mutually rescinded the contract and they are entitled to the return of the deposit. Such is a frequent result; but we conclude, as did the Court of Appeals, the instant situation is governed by the following contract provisions (emphasis supplied):

"Earnest deposit to be retained by Listing Agent, *without interest,* but agent not liable for earnest deposit until actually in form of cash in hands of agent; if sale is closed, earnest deposit to apply on sale commission; * * * if sale be not closed by date fixed therefor owing to failure of performance by purchaser, earnest deposit shall be forfeited by purchaser * * *. *Forfeited earnest deposit shall go first toward reimbursing expenses of agent, and balance to go one-half to seller and one-half to agent.*" [286 S.W.2d 561.]

In these circumstances, the contracting parties were not free to direct the return of the $2,500 to the purchaser and ignore the contract rights of the broker in the earnest money deposit. Huber v. Gershman, Mo.App., 286 S.W.2d 558, 561 [3], citing cases.

The corporate defendant's trial theory was that it was entitled to its expenses and one-half of any balance of the earnest money deposit as provided in the contract. The verdict of the jury in favor of the corporate defendant and against the owners was for $1,250.

There was but one final judgment in this case as stated in paragraph two of this opinion. Plaintiffs did not join the third-party defendants, the owners, as parties in their petition. The record does not show that the third-party defendants took an appeal or, if they did, that they perfected their appeal. The judgment should be reversed and the cause remanded with directions. Plaintiffs' petition should be dismissed as to defendant Solon Gershman. The corporate defendant should be privileged to retain $1,250 out of the $2,500 earnest money deposit or enforce its judgment against the third-party defendants. The corporate defendant is entitled to but one satisfaction. Other controversies should remain open without prejudice. It is so ordered.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

EAGER, P. J., STORCKMAN, J., and STONE, Special Judge, concur.

LEEDY, J., not sitting.